OCTAVE CHANUTE *et al.*, Appellants, *v.* JAMES A. MARTIN, Appellee.

SAME *v.* PHILLIP ROHMANN, Appellee.

### APPEAL FROM PEORIA.

Garnishee process is only intended to be allowed when there is no property subject to execution, or when it cannot be found by reasonable efforts of the officer, and of the plaintiff in execution.

It is the duty of the court, upon proof that the garnishee process was improperly issued, to dismiss the proceeding.

JAMES A. MARTIN filed his affidavit in the County Court of Peoria county as a judgment creditor of William H. Cruger, Charles A. Secor, Thomas C. Field, and Samuel Gilman, therein stating that the said defendants in execution had no property within his knowledge, liable to execution, and that he had reason to believe appellants had effects in their hands belonging to defendants in execution, Cruger, Secor & Co.

A garnishee process was issued and served on appellants, and interrogatories filed for them to answer. The answers give a full history of the transactions between appellants and the defendants in execution, and deny any indebtedness to defendants in execution, or the possession of any lands, goods, moneys, or effects of any kind belonging to them at the time of service of garnishee process.

The answers state the indebtedness of Cruger, Secor & Co. to appellee, and that $25 has been paid on his judgment since the same was rendered.

That said Cruger proposed and offered to turn out to the sheriff, under said execution in this case, real estate to satisfy the same.

That the sheriff refused to levy on the same, saying that he was ordered by plaintiff's attorney to levy on nothing but personal property. That said real estate is unincumbered, and of

the value of about $1,500, and title perfect. That said Chanute was also directed by Cruger, Secor & Co. to see plaintiff's attorney, and request that the said execution be levied on real estate. That in pursuance of such request he offered to plaintiff's attorney to turn out said real estate to be sold under execution in said case, but that plaintiff's (now defendant's) attorney refused to have the same levied upon real estate, and declared his intention to make the money out of personal property. Said defendants in execution have always been ready and willing to turn out said real estate to be sold on execution to satisfy said judgment. Pray to discharged.

Defendant then, upon the filing of said answers, moved the court for judgment, which was rendered by the court for the amount mentioned in the affidavit for garnishee process, less $25, to wit, $543.85, amount of judgment and cost; and to the rendition of which said judgment the said plaintiff objected, and excepted, and prayed an appeal.

The case of the same appellants against Rohmann is by stipulation to be governed by the decision in this case, as the same questions are presented for adjudication.

M. WILLIAMSON, for Appellants.

C. C. BONNEY, for Appellees.

WALKER, J. This proceeding was instituted under the 38th section of the chapter entitled "Judgments and Executions." The record shows that the garnishees, in their answer, set up as a defense, that defendant in execution offered to turn out to the sheriff, and to plaintiff's attorney, real estate unincumbered, with perfect title in the defendant in execution, of the value of between three and four times the amount of the judgment, to be levied and sold under the execution, and that they failed and refused to buy or sell the same. By the provision of the law under which this proceeding is had, two things must concur, before the plaintiff in execution can maintain it. There must have been an execution returned by the proper officer, no property found, and the plaintiff must file an affidavit that the defendant in execution has no property, within the knowledge of the affiant, in his or her possession, subject to execution, and that affiant has just reason to believe that another person is indebted to such defendant, or has effects or estate in his or her hands, before it is lawful for the garnishee process to issue against such person.

The obvious design of this law was only to authorize such a proceeding after a failure, where a reasonable effort has been made in good faith, to collect the money by the ordinary pro-

Chanute et al. *v.* Martin.

cess of the law. And that it was not the design of the General Assembly that the proceeding might be resorted to when an execution had been returned " no property found," is manifested by the fact that an affidavit must also be filed, to authorize the process to issue. It was only intended to be allowed when there is no property subject to execution, or when it cannot be found by reasonable efforts of the officer and the plaintiff in execution. The law requires something more than a mere formal affidavit, otherwise it would never have been required. It could not have been the design to permit a plaintiff in execution to resort to this proceeding, and thereby harass his debtor by the costs of another suit, when the debtor had an abundance of property liable to execution, simply because the plaintiff in execution could make his money sooner by this process than by the sale of real estate. To tolerate such a practice would be to permit the law to be perverted to the oppression of defendants. This remedy is one in which the defendant in execution is not required to be made a party, and in his absence, and without notice, he may suffer injury to a great extent, for which he has no remedy. No bond is given by the plaintiff in execution to indemnify the defendant in execution against the improvident and wrongful issuing of this process. And unless the garnishee may interpose a defense, great wrong may be perpetrated.

The garnishee may undoubtedly show that the judgment upon which execution issued has been paid, released, or otherwise discharged. And yet if the officer's return and affidavit were conclusive of that fact, no such defense could be made. And it is for the plain and simple reason that the court has the right to see that its process is not abused, and employed for the purpose of perpetrating wrong or oppression. This whole proceeding is in the nature of process to obtain satisfaction of a judgment. And the court may, and it is its duty, at any stage, upon its appearing that the garnishee process was improvidently issued, to dismiss the proceeding. Courts will not permit their process to be employed for improper and unauthorized purposes. If the defendant in execution was required to have notice, and he was authorized to appear and contest the legality of the proceeding, he would doubtless be required to interpose a motion to quash the garnishee summons at the earliest stage of the proceeding at which he could be heard, and failing to do so, would be held to have waived the right; but he would even then be heard to show that the judgment had been discharged.

If the answers in these cases are true, and they must be so regarded, as they are in no way contradicted, the defendant had offered to turn out an abundance of real estate, to which he had perfect title, to be levied on and sold in satisfaction of the judg-

ment, and the defendants have at all times been, and still are, ready and willing to turn it out for that purpose. This not only shows that the defendants had property liable to execution, but that the sheriff was notified of that fact, as well as the plaintiff's attorney, before this proceeding was instituted, and we have no doubt that this destroyed the *prima facie* case made by the return and affidavit. While the plaintiff was not bound to make every possible effort to find property, and while this proceeding would not be defeated if he had used reasonable effort, or made reasonable inquiries to find it, yet when the knowledge was brought home to him, to his attorney, or to the officer, he was not authorized to sue out the garnishee summons. The plaintiff in execution had a right to make an issue upon this part of the answers, and have it tried, but he did not choose to take that course, and the court below should have dismissed the proceedings.

The judgments of the court below must be reversed, and the causes remanded, with leave to form and try issues upon the answers.

*Judgments reversed.*