THE MICHIGAN CENTRAL RAILROAD CO., GARNISHEES OF JOSEPH W. LEIGHTON,

*v.*

PHILIP H. KEOHANE.

1. GARNISHMENT — *when it may issue.* To authorize the issuing of garnishee process against one who is supposed to be indebted to a defendant in execution, there must be a return upon the execution, either in terms or in substance, of "no property found."

2. SAME—*interrogatories.* Until interrogatories are filed, and an opportunity afforded to answer them, a final judgment cannot be entered against a garnishee.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. GEORGE MANIERRE, Judge, presiding.

In November, 1856, the defendant in error, Philip H. Keohane, recovered a judgment in the court below, in an action of assumpsit against Joseph W. Leighton, for the sum of one hundred and eight dollars and twenty-six cents.

On the 19th of December following, an execution was issued on said judgment, which was returned on the 26th of the same month, with the following return indorsed :

"I have demanded property of the within named defendant, Joseph W. Leighton, and he says he has no property to turn out to satisfy the same. I therefore return said execution no part satisfied, by order of the plaintiff's attorneys, hereon indorsed, the 26th Dec., 1856."

On the 20th of January, 1857, Keohane filed in the cause below, his affidavit, setting forth the recovery of the judgment against Leighton, the issuing and return of the execution; that Leighton had no property, within his knowledge, in his possession liable to execution, and that he had reason to believe, and did believe, that the Michigan Central Railroad Company was indebted to Leighton; and on the same day, a garnishee process was issued out of the Circuit Court against the railroad company, which was returned duly served.

Afterwards the default of the railroad company was entered, and a conditional judgment was rendered against them, in favor of Leighton, for the sum of one hundred and thirty-six dollars and sixty-six cents, and the court ordered a *scire facias* to issue; and thereupon a *scire facias* was issued, which was returned served.

Subsequently, the company not appearing, nor any one for them, the said conditional judgment was made final and conclusive by the Circuit Court, and an execution was awarded.

The company sued out this writ of error, and two questions

arise upon the record : *First*, whether the sheriff's return upon the execution was sufficient to authorize the garnishee process to issue; and *second*, whether the final judgment could be properly entered against the garnishee, without interrogatories having first been filed.

Messrs. WALKER, VAN ARMAN & DEXTER, for the plaintiffs in error.

Messrs. THOMPSON & BISHOP, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court.

This record presents two questions for determination. The first is, whether the sheriff's return to the execution is sufficient to authorize a proceeding by garnishee process. And the second is, whether a final judgment can be rendered against the garnishee, without filing interrogatories. The sheriff's return to the execution is this, "I have demanded property of the within named defendant, Joseph W. Leighton, and he says he has no property to turn out to satisfy said execution. I therefore return said execution, no part satisfied, by order of the plaintiff's attorney hereon indorsed." The order for the return of the execution, is indorsed on the execution, and signed by the attorney.

The thirty-eighth section of the chapter, entitled "Judgments and Executions," Rev. Stat. 307, provides, that when a judgment has been rendered by a court of record, or a justice of the peace, in this State, and an execution against the defendant shall be returned by the proper officer, "no property found," on the affidavit of the plaintiff, or other credible person being filed, showing that the defendant has no property within the knowledge of affiant liable to execution, and that affiant has just reason to believe that another person is indebted to defendant, or has effects or estate of such defendant in his hands, the court, or justice of the peace, is required to cause such person forthwith to appear before such court, or justice of the peace, as a garnishee. And the court,

or justice of the peace, is required to examine, and proceed against the garnishee, in the same manner as is required by law against garnishees in original attachment suits.

A party seeking the benefits of this provision, must bring himself, substantially, within its provisions. Until a judgment is recovered, this proceeding is unauthorized. And an execution must have been issued and returned by the proper officer, " no property found," to warrant the issuing of garnishee process under this section. These acts are indispensable to maintain the proceeding. This is a statutory mode of obtaining execution after the means known to the common law have been employed and failed. And it can only be resorted to after the requirements of the statute have been complied with, as conditions to issuing the process.

In this case there is not a return of " no property found." The return states, that the sheriff had demanded property of the defendant, who said he had none to turn out to satisfy the execution. For aught that appears from this return, he may have had an abundance, liable to levy and sale, to fully satisfy the execution, and the sheriff may have been apprised of the fact. He nowhere states that he had made any search for property, or that he was unable to find any, as he was required to do before he returned the writ. Unless the return in terms, or in substance, states that " no property is found," ·it is insufficient, and this return fails to show that fact.

Again, when the proper steps have been taken, the proceeding is required to proceed in the same manner that is provided in cases of original attachments. The sixteenth section of the attachment law, Rev. Stat. 67, requires, in case the garnishee shall fail to appear and make discovery, to enter a conditional judgment, and to issue a *scire facias* against the garnishee, returnable to the next term of the court, to show cause why the judgment should not be made final. And if he fails to appear and make discovery, upon oath or affirmation, in the mode prescribed by the act, the court is required to confirm the judgment, and award execution, for the plaintiff's entire debt, and costs.

The eighteenth section of the same act requires the plaintiff,

during the return term, to exhibit and file allegations and interrogatories in writing, upon which he may be desirous to obtain and compel the answer of ·the garnishee, touching his indebtedness to the defendant, or as to property, effects and credits of the defendant, in the hands of the garnishee. This is obviously the discovery required by the sixteenth section of the act, and is the mode of obtaining it, as required by the chapter. These provisions required the defendant in error to file his interrogatories, and the plaintiff in error had a right to have the opportunity of answering them, before a final judgment was rendered and execution was awarded. The statute has conferred this right, and the creditor cannot deprive him of it. Until interrogatories are filed, and the opportunity is afforded to answer them, the garnishee is not in default. Until the creditor had filed interrogatories, he was not in a position to demand an answer. The entry of the final judgment, before interrogatories were filed, was not authorized by the statute, and the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*