THE FIRST NATIONAL BANK OF SIOUX CITY *et al.*

*v.*

DAVID A. GAGE *et al.*

1. BILL OF DISCOVERY—*may be filed upon return of execution unsatisfied.* The law requires a sheriff to return an execution within ninety days, but he may take the responsibility to make his return before the expiration of that period, and when a return of *nulla bona* has been made, the creditor, under the statute, may exhibit his bill for a discovery of property belonging to the defendant.

2. A RECEIVER *should be appointed only in case of imperative necessity.* A receiver should be appointed in no case unless it is made to appear there is an imperative necessity for the step, to preserve some particular property for such persons as shall be entitled to the benefit.

3. INJUNCTION—*on bill of discovery.* Where a bill of discovery contains no clear and distinct charge that the defendants have any particular property or things in action in their possession, there can be no necessity for a restraining order, and the court will not be warranted in granting an injunction.

APPEAL from the Superior Court of Cook county; the Hon. SAMUEL M. MOORE, Judge, presiding.

Messrs. TENNEYS, FLOWER & ABERCROMBIE, for the appellants.

Messrs. JACKSON & SKINNER, for the appellees.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Complainants, having obtained judgments at law against defendants, on the same day filed their bill to discover assets in the hands of defendants, for an injunction, and for the appointment of a receiver.

No reason is perceived why the bill may not be good as a bill of discovery, and to that extent defendants ought to have been required to answer it. The allegations are sufficient for that purpose.

Objection is made there is no proper return of *nulla bona* to the executions issued on the judgments, and hence the bill was prematurely filed. The allegation is, on the same day the judgments were rendered, that thereafter executions were issued and afterwards returned by the sheriff wholly unsatisfied; that he could find no property of defendants in his county out of which to satisfy the executions.

It plainly appears all this took place before the bill was filed. Our statute on this subject provides that, whenever an execution shall have been issued against the property of a defendant on a judgment at law or in equity, and shall have been returned unsatisfied in whole or in part, the party suing out such execution may file a bill in chancery against such defendant and any other person, to compel the discovery of any property or thing in action belonging to defendant. R. S. 1874, p. 203, sec. 49.

Under this statute, what reason can be assigned why the sheriff shall retain the execution for any particular time? The law requires him to make his return within ninety days. He may, however, take the responsibility to make his return before the expiration of that period, and when a return of *nulla bona* has been made, the creditor, under the statute, may exhibit his bill.

The demurrer admits the allegations of the bill, there had been a return of *nulla bona* previously made on the execu-

tions issued on the judgments at law, and that is all the law requires. *Bowen* v. *Parkhurst*, 24 Ill. 257.

While this bill is good, and may be maintained as a bill of discovery, we do not think the bill or the accompanying affidavits contain anything that would warrant the court in granting an injunction, and in appointing a receiver.

The bill contains no clear and distinct charge that defendants have any particular property or things in action in their possession, and there can be no necessity for a restraining order of court, and still less reason can there be for the appointment of a receiver.

There is no necessity shown by this bill for the appointment of a receiver, for there is no distinct charge of fraud, nor does it appear, from the affidavits accompanying it, with clearness and distinctness, that there is any property or things in action to be preserved for the benefit of the judgment creditors. A receiver should be appointed in no case, unless it is made to appear there is an imperative necessity for the step, to preserve some particular property for such parties as shall be entitled to the benefit. No such case is made by this bill and affidavit.

For the error indicated, in sustaining the demurrer to the bill purely as a bill of discovery, the decree will be reversed and the cause remanded.

*Decree reversed.*