## Scheubert v. Honel et al.

50    597
51    223
51    409

50    597
55    269
152s  313
50    597
61    272

50    597
63    57
63    315

50    597
72    69

50    597
106   5  97

1.  CREDITOR'S BILL.—*When it lies.*—In order to obtain a footing for a creditor's bill in a court of equity, it must appear that the creditor has exhausted his legal remedies by obtaining judgment, suing out execution, having the sheriff make proper efforts to collect the judgment by that means, and such efforts proving unavailing, by having him return the execution unsatisfied.

2.  CREDITOR'S BILL.—*Legal Prerequisites.*—A creditor who seeks by his bill to reach an equitable estate of his debtor, which can not be reached by law, must first recover judgment at law, and have execution returned unsatisfied, to give jurisdiction to equity.

3.  CREDITOR'S BILL.—*Exhausting the Remedy at Law.*—There is no method of ascertaining that the creditor's legal remedy has been exhausted except by a return of an execution *nulla bona.* Such a return becomes a matter of record, and shows *prima facie*, that the creditor has exhausted his legal remedy, and an opportunity for the interposition of a court of chancery thereupon arises.

4.  CREDITOR'S BILL.—*Sheriff's Duty on Execution.*—When an execution has been issued, the sheriff has ninety days from its date in which to find property to levy upon, and generally it is his duty to hold the writ during all that time; but he may take the responsibility of making an earlier return to it of *nulla bona*, especially after he has made a personal demand upon the defendant to turn out property, which he has refused to do.

5.  CREDITOR'S BILL.—*The Return of the Sheriff Must Be upon His Own Responsibility.*—The law requires no more as a precedent to jurisdiction in chancery than a return by the sheriff of an execution *nulla bona*, but the return must be made upon the responsibility of the sheriff; it must be the act of the sheriff on his own responsibility, and not by direction of the plaintiff in the writ.

6.  EXECUTION—*Subject to the Creditor's Control.*—An execution is the process of the judgment creditor, and is subject to his control, and the sheriff is subject to his instructions in regard to it.

**Memorandum.**—Creditor's bill.   In the Superior Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding.   Heard in this court at the March term, 1893, and affirmed.   Opinion filed May 24, 1893.

The opinion states the case.

J. A. PETERSON, attorney for appellant.

CROSS & JINDRICH, attorneys for appellees.

OPINION OF THE COURT, SHEPARD, J.

A judgment by confession under a warrant of attorney, was entered in favor of appellant against the appellees, and on the same day execution was issued thereon, which execution was on the same day returned by the sheriff, by direction of plaintiff's (appellant's) attorney.

The direction and the return appear on the back of the execution, and are as follows:

" The sheriff will return this writ, no property found and no part satisfied, forthwith.

Dated February 21, 1887.

JAS. E. CROSS,

Attorney for Plaintiff.

This execution returned, no property found and no part satisfied, this 21st day of February, 1887.

CANUTE R. MATSON, Sheriff,

By C. W. PETERS, Deputy."

No other execution appears ever to have been issued on the judgment.

Afterward appellant filed his creditor's bill, based upon said judgment, and return of execution.

The court heard the whole cause, and dismissed the bill for want of equity, and it is from that decree this appeal is prosecuted.

It is unnecessary for us to look at the merits of the cause as disclosed on the hearing below.

The bill was properly dismissed, on the ground that there had been no exhausting of the appellant's remedy at law, by the issuance of an execution and a proper return thereof by the sheriff.

In order to obtain a footing for a creditor's bill in a court of equity, it must appear that the creditor has " exhausted his legal remedies by obtaining judgment, suing out execution, having the sheriff make proper efforts to collect the judgment by that means, and, such efforts proving unavailing, by having him return the execution unsatisfied." Russell v. Chicago Trust and Savings Bank, 139 Ill. 538.

It is further said in the case cited, that under the provis-

ions of the section of the chancery act in relation to creditor's bills, "It has been the uniform doctrine of this court that a creditor who seeks by his bill to reach equitable estate of his debtor which can not be reached at law, must first recover judgment at law, and have execution returned unsatisfied, to give jurisdiction to equity," and the numerous decisions of the Supreme Court of this State upon that point are cited in support of the statement.

The right to resort to the extraordinary remedy of a creditor's bill rests upon the precedent fact that the creditor's legal remedy has been exhausted.

Under the decisions of this State there is no method of ascertaining that fact except by a return of an execution *nulla bona*. Such a return becomes a matter of record, and shows, *prima facie*, that the creditor has exhausted his legal remedy, and an opportunity for the interposition of a court of chancery thereupon arises.

When an execution has been issued the sheriff has ninety days from its date in which to find property to levy upon, and, generally, it is his duty to hold the writ during all that time; "but he may take the responsibility of making an earlier return to it of *nulla bona*, especially after he has made a personal demand upon the defendant to turn out property, and he has refused so to do."

The law requires no more as a precedent to jurisdiction in chancery than a return by the sheriff of an execution *nulla bona*, but the return must be made upon the responsibility of the sheriff, that is to say, the return must be the act of the sheriff, on his own responsibility, and not by direction of the plaintiff in the writ, unless after demand. Bowen v. Parkhurst, 24 Ill. 257; First Nat. Bank v. Gage, 79 Ill. 207; Russell v. Chicago T. and S. Bank, 139 Ill. 538.

It must appear that the execution has been returned by the sheriff "unsatisfied by reason of his inability to find property whereon to levy." Durand v. Gray, 129 Ill. 9.

Although an execution is the process of the judgment creditor, and is subject to his control, and the sheriff is subject to his instructions in regard to the writ (Reddick v.

Cloud's Administrators, 2 Gil. 670; Wickliff v. Robinson, 18 Ill. 145; Newkirk v. Chapron, 17 Ill. 344; Morgan v. The People, 59 Ill. 58), yet he is not at liberty to so control it as to confer upon himself a new remedy against the judgment debtor by a proceeding in chancery, without first complying with the statute which is declaratory of previous law, and gives that remedy after his legal remedy has been exhausted by " having the sheriff make proper efforts to collect the judgment by that means" (execution), as said in Russell v. C. T. and S. Bank, *supra*.

In the case at bar it plainly appears from the indorsement of the direction of plaintiff's attorney to the sheriff, and the return of the latter, that the return to the execution was in substance the act of the plaintiff's attorney, and that in making the return the sheriff exercised no volition or responsibility whatever.

The direction and the return must be read together, and so read it is as if the sheriff had returned that the plaintiff's attorney had instructed him not to make a personal demand upon the defendant, and not to levy upon any property of the defendant, and not to do any act whereby the execution might be paid or collected, and he, therefore, returned the execution no property found and no part satisfied.

To sanction such a return as being a proper basis for a creditor's bill would render the most solvent individuals and corporations within the State, who might in an honest controversy have judgment recovered against them, subject to the humiliation and sometimes serious loss and inconvenience of having a creditor's bill maintained against them, wherever a malevolent adversary should so elect.

Such is not the spirit and intent of the law. The return to the execution was not such a return as must be made to give jurisdiction to a court of chancery, and the bill was properly dismissed by the Superior Court.

The decree will therefore be affirmed.