## Dunderdale v. The Westinghouse Electric, etc., Co.

| 51 | 407 |
| 63 | 315 |
| 51 | 407 |
| 71 | 607 |
| 51 | 407 |
| 80 | 283 |

1. EXECUTION—*Return No Property Found—Creditor's Bills and Garnishee Process.*—The statute relative to the filing of creditors' bills and that concerning the issue of garnishee process upon the return of an execution "No property found," are so similar that the rule as to the return of execution in one case is to be applied to the other.

2. GARNISHEE PROCEEDINGS—*Execution Returned by Order of Plaintiff.*—The return of an execution by order of the plaintiff's attorney, unsatisfied, will not sustain garnishee proceedings.

3. GARNISHEE PROCEEDINGS—*Duty of Garnishee to See That Proceedings are Regular.*—It is the business of the garnishee to see that the proceedings are such that a judgment against him will be binding upon his creditor.

**Memorandum.**—Garnishment. Appeal from an order quashing a writ entered by the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October. term, 1893, and affirmed. Opinion filed January 11, 1894.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, F. J. GRIFFEN, ATTORNEY.

The statutory return of the sheriff " No property found " on *fieri facias*, even though by direction of plaintiff's attorneys, is sufficient to base garnishment proceeding upon. Starr & Curtis, Chap. 62, Sec. 1.

APPELLEE'S BRIEF, WEIGLEY, BULKLEY & GRAY, ATTORNEYS.

The writ was properly quashed for want of jurisdiction. Chanute v. Martin, 25 Ill. 63; Mich. Cen. Ry. Co. v. Koehane, 31 Ill. 144.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was a proceeding by way of garnishment, based upon a judgment against appellant, on which an execution was issued, and on the same day was, by order of the attorney of the plaintiff indorsed thereon, returned " no property found and no part satisfied."

We regard the statute relative to the filing of creditors' bills and that concerning the issue of garnishee process upon the return of an execution " No property found," as so similar that the rule as to the return of execution in one case is to be applied to the other.

We have already held that the return of an execution, by

order of plaintiff's attorney, unsatisfied, will not authorize the filing of a creditor's bill. Scheubert v. Honel, 50 Ill. App. 597.

Following the principle of that case we can not sustain the garnishee proceeding instituted in this case, based as it was upon a return made in obedience to an order of the attorney of the plaintiff in the execution.

In Chanute et al. v. Martin, 25 Ill. 63, the court, in speaking of a garnishee proceeding based upon a return of " No property found," said:  " It was only intended to be allowed when there is no property subject to execution or when it can not be found by reasonable efforts of the officer and the plaintiff in execution."

In Mich. Central R. R. Co., Garnishee, v. Keohane, 31 Ill. 144, a return of an execution after demand made, " No part satisfied, by order of plaintiff's attorney," with the statutory affidavit, was held insufficient to warrant the issue of garnishee process.

In the present case it does not appear that any demand was ever made of the execution debtor or any effort had to find property.

It was immaterial whether the attention of the court was called to the nature of the return of the execution by motion or by an answer.   It is the business of the garnishee to see that the proceedings are such that a judgment against him will be binding upon his creditor.   Pierce v. Wade, 19 Brad. 185; Dennison v. Blumenthal, 37 Ill. App. 385.

The order of the Superior Court quashing the garnishee writ and discharging the garnishee is affirmed.