**Pecos Irrigation & Improvement Company v. William F. Olson, for use of Ernest Monthan.**

1. Sheriff's Return—*Requisites of, as a Basis for Equitable Remedies.*—In order for a sheriff to return an execution before the day which limits its life so that a foundation may be laid for the prosecution of

equitable remedies based upon an exhaustion of legal remedies, such return must show upon its face, or by clear inference, that it is his own act.

2. Same—*Presumptions in its Favor.*—In the absence of proof or clear implication to the contrary, it will be presumed of a return made upon the responsibility of the sheriff, that he has performed what the statute requires of him as a preliminary to making a return before the expiration of the execution.

3. Same—*When the Presumption does not Prevail.*—No presumption prevails in favor of a sheriff's return when the same is made by the direction of the plaintiff in the writ, or where, by the substance of the return, it can not be seen that he was unable in the discharge of his official duty to find the property of the debtor.

4. Garnishment—*Requisites of the Sheriff's Return.*—An officer's return to an execution by order of the plaintiff's attorneys is not a sufficient return upon which to base garnishee proceedings.

Garnishment Proceedings.—Error to the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding. Heard in this court at the March term, 1896. Reversed with final judgment in this court. Opinion filed March 31, 1896.

Matthews S. Bradley, attorney for plaintiff in error.

Newcomer & Dellenback, attorneys for defendant in error.

The sheriff may take the responsibility and return an execution before ninety days. Bowen v. Parkhurst, 24 Ill. 258; The First Nat. Bank of Sioux City et al. v. David A. Gage et al., 79 Ill. 207.

A return by the sheriff in substance " no property found," is a sufficient return. The Michigan Central Railroad Co., Garnishees of Joseph W. Leighton, v. Philip H. Keohane, 31 Ill. 144.

Mr. Justice Shepard delivered the opinion of the Court.

An execution upon a judgment in favor of Monthan and against Olson, for $301.45 and costs, was delivered to the sheriff on April 1, 1895.

The sheriff held the execution until April 19th, and then made return thereof.

His return, and the directions of Newcomer & Dellen-

back, who, it is admitted, were the attorneys for the execution plaintiff, as indorsed on the execution, were as follows:

· " The within named defendant, and no property of the within named defendant, found in my county on which to levy this writ; I therefore return the same by order of plaintiff's attorney, no property found and no part satisfied, this 19th day of April, 1895.

JAMES PEASE, Sheriff.

By JAMES SHERIDAN, Deputy.

The sheriff will return the within execution, no property found and no part satisfied, forthwith.

NEWCOMER & DELLENBACK.

Dated April 19, A. D. 1895."

Having said return for its basis, garnishee process was sued out against the plaintiff in error, who pleaded the insufficiency of the return by a plea in abatement, to which a demurrer was sustained; and final judgment being entered against the plaintiff in error, this writ of error is prosecuted from such judgment.

The question is, was the return sufficient to base the garnishee proceedings upon?

It has been decided that the return indorsed by a sheriff upon an execution writ must be read together with the direction to the sheriff to make return thereof, indorsed upon the writ by the execution plaintiff; and that to constitute a sufficient return of an execution upon which to base a creditor's bill, the return, if made before demand upon the execution debtor, must be made upon the responsibility of the sheriff and be his own act, and not be in substance the act of the execution creditor by a mere following of his direction. Scheubert v. Honel, 50 Ill. App. 597; same case, 152 Ill. 313.

In Dunderdale v. Westinghouse Electric Co., 51 Ill. App. 407, which was a case where garnishee proceedings were sought to be sustained upon a return of an execution *nulla bona* by order of plaintiff's attorney, we said:

" We regard the statute relative to the filing of creditors

bills and that concerning the issue of garnishee process upon the return of an execution, 'no property found,' as so similar that the rule as to the return of execution in one case is to be applied to the other;" and, following Scheubert v. Honel, *supra*, held that such a return was insufficient to sustain the garnishee proceeding.

It is argued that because the execution in question remained in the hands of the sheriff a period of nineteen days before the return was made, whereas in the cases cited the return was made on the same day of the delivery of the writ to the sheriff, an inference should be drawn favorable to the conclusion that the sheriff had done his whole duty under the writ, and that having done so, he might properly, either with or without direction, make return of the writ; but we do not think that a legal presumption to such extent arises from that mere fact.

We do not dispute the right, or the frequent duty that may arise, by the sheriff to make a return of a writ at an earlier day than that which limits the life of an execution. But in order for him to do so, and thereby create a basis for equitable remedies, which are based upon an exhaustion of legal remedies, his return must show on its face, or by clear inference, that it is his own act, in order that it may be made to appear, or the presumption to arise, that legal remedies have failed.    Bowen v. Parkhurst, 24 Ill. 257; First National Bank v. Gage, 79 Ill. 207; Russell v. C. T. S. Bank, 139 Ill. 538.

Numerous presumptions arise from the acts of a sheriff in the performance of his duty concerning writs that come to his hands, which can not be indulged in when he acts not by himself, but in obedience to the directions of the plaintiff in the writ.

Where the return is his, "we presume nothing against the return of the sheriff, but consistently with it."    Rivard v. Gardner, 39 Ill. 125 (127).

In other words, in the absence of proof or clear implication to the contrary, it will be presumed of a return made upon the responsibility of the sheriff that he has performed

what the statute requires of him as a preliminary to making a return before the expiration of the execution.

But no such presumption can prevail where he makes his return by direction of the plaintiff in the writ, or where by the substance of the return it can not be seen in such cases that he was unable in the discharge of his official duty to find property of the debtor. M. C. R. R. Co. v. Keohane, 31 Ill. 144.

It is said in Freeman on Executions, section 356:

"The officer who does not obtain anything toward the satisfaction of the writ must make a return in which it is directly stated, or from which it must necessarily be implied, that the defendant has no property subject to the writ. * * * The most usual obstacle met by officers is their inability, after due search, to discover property subject to the writ. Where this has been the case, and it becomes necessary to return the writ wholly or partly unexecuted, the officer must exonerate himself by stating clearly and unequivocally that the writ is returned unsatisfied because the defendant has no property subject to its satisfaction."

These rules are in no adequate way met by a return, made within the lifetime of an execution, and without demand, which shows on its face that it was made by direction of the plaintiff, and from which nothing appears to indicate that any effort was ever made to find any property.

Whether a mere return of "no property found," made without demand and within the life of the writ, although made upon the sheriff's own volition, will imply that the sheriff has made proper effort to find property on which to levy, and therefore justify the use of such a return as a basis for proceedings of an equitable nature, has never so far as we are aware, been the turning point of any decision in this State.

The form books are replete with illustrations of a more certain and seemingly a better form of return.

Thus: "The within named defendant hath no goods or chattels, lands or tenements, in my bailiwick, whereof I can cause the within execution to be satisfied." Yates' Plead-

ings, 45; 1 Humphrey's Precedents, 222; 2 Harris on Entries, 505; 3 Chitty's General Practice, 316, note p.

A positive statement that a defendant hath nothing upon which levy can be made, is a very different thing from a statement that the sheriff has found nothing, uncoupled with anything to show that he has made effort to find something.

A reason for requiring either a demand, or an effort, may be found in our State, where by the statute the real estate (if any) of the defendant shall be first taken in execution.

A return with no demand, and no search, and the equitable process of garnishment following, would enable the plaintiff in the writ to circumvent the statute and get satisfaction without giving to the defendant the substantial right of redemption which he would have if his lands were levied upon and sold.

It has been urged with much plausibility and considerable force, that the form of the return in question sufficiently indicates that the sheriff had done all that the law requires of him, and that because of having done so ineffectually, the plaintiff's attorney requested that he make return accordingly.

But we do not think such is the reasonable meaning of the return.

It would have been easy for the sheriff, if he had performed all the duty that is required of him by the law, to have said so in words which would have made it plainly so appear.

Not having used such language, we must take the return as meaning simply that, no property being found, although no effort had been made to find any, the writ is returned at the request of plaintiff's attorneys.

And this, as we have already seen, is less than is required as a basis for garnishee proceedings.

The judgment of the Circuit Court will therefore be reversed, with final judgment here, and it is so ordered.