## William R. Hartley v. George J. Atkins, George E. Milligan, Ophir Mining Company and American Development Company.

1. CREDITOR'S BILL—*Requisites of the Sheriff's Return.*—An officer's return to an execution by order of the plaintiff's attorneys is not a sufficient return upon which to base a creditor's bill.

**Creditor's Bill.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed June 1, 1896.

ALFRED P. WILLIAMS and C. M. FAILING, attorneys for appellant.

CHARLES F. MORSE, attorney for appellees.

MR. PRESIDING JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellant filed a judgment creditor's bill based upon the return of an execution, which return is as follows:

" The within named defendant and no property of the within named defendant found in my county upon which to levy this writ. I therefore return the same, no property found and no part satisfied, this 25th day of March, A. D. 1895, by order of plaintiff's attorney.

JAMES PEASE, Sheriff.

by J. A. McCARTNEY, Deputy."

The opinion of Judge Shepard in Pecos Irrigation Co. v. Olson, 63 Ill. App. 313, leaves nothing for me to say in this case, except that the decree dismissing the bill is affirmed.