## Joel W. Clark, for use, etc., v. First National Bank of Earlville.

1. AMENDMENTS—*Of the Records of a Case Not Pending Before the Court.*—A court has no power to make an order in a case, allowing an amendment of the record in another case not pending before it. The propriety of allowing the proposed amendment can only arise on motion made in the cause to which the record sought to be amended belongs, after notice to the party whose rights are to be affected.

2. PROPOSITIONS OF LAW—*Held Inapplicable and Properly Refused.* —This court decides that the trial court properly refused to hold the propositions of law presented by appellant, as such propositions had no application to the issue on which the case was disposed of.

3. GARNISHMENT—*When it May Issue.*—To warrant the issuing of garnishee process, there must be a return upon an execution against the judgment debtor, stating either in terms or in substance that no property is found.

Garnishment.—Appeal from the Circuit Court of Lee County; the Hon. JAMES SHAW, Judge, presiding. Heard in this court at the May term, 1897. Affirmed. Opinion filed September 20, 1897.

CHAS. F. PRESTON and CLYDE SMITH, attorneys for appellant.

Where the fact was that the sheriff had made demand seven days before he returned the writ, and was unable to find property to levy on, the court say that the plaintiff "had a right to have the sheriff return the execution unsatisfied" (Illinois M. I. Co. v. Graham, 55 Ill. App. 266, cit-

ing Russell v. Chicago T. and S. Bank, 139 Ill. 538), and that his return is sufficient to support a *ca. sa.*, for " The facts exist which show an exhaustion of the legal remedies, and such facts are not modified or affected by the direction of the creditor's attorney to return the execution unsatisfied." Huntington v. Metzger, 158 Ill. 272.

" A return of an execution unsatisfied means that the defendant has no property which the sheriff can levy upon; it is sufficient to ground a creditor's bill upon. \* \* \* The return is evidence, because of a legal presumption that the sheriff did his duty upon process in his hands." Springer v. Puttkammer, 58 Ill. App. 675.

It is sufficient to sustain a creditor's bill or to authorize a suit against an indorser. Alexander v. Tams, 13 Ill. 221; Durand v. Gray, 129 Ill. 9; Thompson v. Yates, 61 Ill. App. 262.

" The statute relative to the filing of creditor's bills and that concerning the issue of garnishee process upon the return of an execution ' No property found,' are so similar that the rule as to the return of execution in one case is to be applied to the other," and so, too, as to the return required to support a *ca. sa.* Dunderdale v. Westinghouse Electric Co., 51 Ill. App. 407; Huntington v. Metzger, 51 Ill. App. 222; S. C., 158 Ill. 272.

The application to amend was made upon proper proof, and in apt time. Spellmyer et al. v. Gaff, 112 Ill. 29; Chicago Planing Mill Co. v. Merchants' Nat. Bank, 86 Ill. 587.

And the deputy who made the return was the proper person to amend it. Wilson v. Greathouse, 1 Scam. 174; Noleman v. Weil, 72 Ill. 502; O'Conner v. Wilson, 57 Ill. 226.

Nor is it objectionable that the sheriff's term of office had expired. Johnson v. Donnell, 15 Ill. 100; Morris v. Trustees, 15 Ill. 270; Stull v. Hance, 62 Ill. 52.

The general rule is that the return is amendable. S. & C., Vol. 1, 375, *et seq*.

And the return, as amended, will relate back. Wilton Mfg. Co. v. Butler, 34 Me. 431; Welsh v. Joy, 13 Pick.

477; Freeman v. Paul, 3 Me. 260; Cogswell v. Mason, 9 N. H. 48.

The case at bar falls within the general rule.

Conceding, for the purpose of argument, under this second head of our brief, that the return as originally made did not show jurisdiction, we still contend that the lack of jurisdiction was only in appearance, and not in substance. The case is analogous to that of a sheriff's return of summons, or other first process, where from the return the service appears to be insufficient to give the court jurisdiction of the person. Yet the record may be amended to speak the truth. Turney v. Organ, 16 Ill. 43; Dunn v. Rodgers et al., 43 Ill. 260; Toledo, P. & W. Ry. Co. v. Butler, 53 Ill. 323; Montgomery v. Brown et al., 2 Gilm. 581.

Or where the declaration fails to show jurisdiction in the court, it may be amended. Wakefield v. Goudy, 3 Scam. 133.

For the indorsement of return is not the fact, but the evidence of it. Spellmyer v. Gaff, 112 Ill. 29.

BREWER & STRAWN, attorneys for appellee.

An indorsement on an execution by a sheriff that he returns the execution not satisfied by order of the plaintiff's attorney, is insufficient to give the court jurisdiction in garnishment. Michigan C. R. R. v. Keohane, 31 Ill. 144; Dunderdale v. Westinghouse Electric Co., 51 Ill. App. 407; Pecos I. & I. Co. v. Olson, 63 Ill. App. 313.

A return "No property found," and a proper affidavit are essential to give the court jurisdiction. 1 S. & C. An. St., Ch. 62, Sec. 1; Chanute v. Martin, 25 Ill. 63; Gibbon v. Bryan, 3 Ill. App. 298; Pierce v. Wade, 19 Ill. App. 185.

Parol evidence is not admissible to contradict or modify the return of an officer. Wilson v. Greathouse, 1 Scam. 174; Botsford v. O'Conner, 57 Ill. 72; O'Conner v. Wilson, 57 Ill. 226; Harris v. Lester, 80 Ill. 307; Coughran v. Gutcheus, 18 Ill. 390; Rivard v. Gardner, 39 Ill. 125; Huntington v. Metzger, 158 Ill. 272.

A ruling on a motion addressed to the discretion of the

court will not be reviewed by an Appellate Court except for an abuse of that discretion. The amendment of a return by an officer after the lapse of a considerable time is addressed to the discretion of the court. Windett v. Hamilton, 52 Ill. 180; Thatcher v. Miller, 13 Mass. 270; Hovey v. Wait, 17 Pick. 196; Scruggs v. Scruggs, 46 Mo. 271; Freeman v. Paul, 3 Me. 260; 2 Freeman on Executions, Sec. 360.

The public may act on an official record, and an amendment will not be permitted to the detriment of the rights of third parties acquired on the strength of such records. Am. Exch. Nat. Bank v. Moxley, 50 Ill. App. 314; Wooters v. Joseph, 137 Ill. 113; McCormick v. Wheeler, 36 Ill. 114; Church v. English, 81 Ill. 442; Emerson v. Upton, 9 Pick. 167; 2 Freeman on Executions, Sec. 360.

The affidavit does not confer jurisdiction because it does not state that the execution was returned by the proper officer, i. e., the sheriff of the county where the debtor resided. McKinney v. Snider, 116 Ind. 160; Pouder v. Tate, 111 Ind. 148; Stickney v. Little, 29 Ill. 315; Durand & Co. v. Gray, Kingman & Collins, 129 Ill. 9; Rood on Garnishment, Sec. 251.

And the amendment of the return is not the doing of a new act, but the furnishing evidence of an act done. Morris v. Trustees, 15 Ill. 270; Dunn v. Rodgers et al., 43 Ill. 260; Howell v. Albany C. Ins. Co., 62 Ill. 50.

MR. JUSTICE WRIGHT DELIVERED THE OPINION OF THE COURT.

This was a proceeding in garnishment by the appellant against appellee, First National Bank of Earlville, as garnishee. Judgment was rendered June 7, 1888, in the Circuit Court of Lee County, in favor of Charles Pierce, against Joel W. Clark, for $1,048.28, and on the same day an execution was issued upon said judgment against the defendant therein. The execution went into the hands of the sheriff on the 9th day of June, 1888, and according to the indorsement thereon made by the sheriff, was served on the defendant therein, on the 18th day of June, 1888, and demand made. On the 15th day of September, 1888, the

record shows the execution was filed with the clerk of the court, and after that date the following further indorsement appears to have been made upon the execution: "I return this execution the 27th day of September, 1888, not satisfied, by order of the plaintiff's attorney. (Signed) W. H. Woodyalt, sheriff."

The garnishee proceedings in the case presented, are based upon the judgment, execution and return above mentioned.

On the trial, and without notice to Joel W. Clark, the execution debtor, the executors of the plaintiff in execution, and the beneficiaries in the proceeding, moved the court, and in this case, for leave of the court to the sheriff, who had made said return, then long out of office, to amend the return indorsed on said execution, in order that such return might show, in substance, that on the said 25th day of September, 1888, the said Joel W. Clark, defendant in execution, had no property in his county whereof he could make the amount of said execution, or any part thereof; which motion the court denied, and refused to grant leave to amend said return. The garnishee, appellee here, filed a special plea denying that execution had been returned "No property found," to which the court sustained a demurrer. After the order sustaining said demurrer, the garnishee answered the interrogatories, and therein also set up, in substance, the same matter of its special plea denying the return of execution "No property found." On the final hearing the court entered an order dismissing the proceedings for want of jurisdiction, from which the appellants prosecute this appeal, assigning for error the refusal of the court to grant leave to the sheriff to amend the return of execution; the refusal of the court to hold certain propositions as law in the decision of the case, and that the court erred in dismissing the case for want of jurisdiction.

We shall consider these assignments of error in the order stated. We are of the opinion the court did not err in refusing leave to amend the return, for the reason the record of the original cause did not rest in this, and therefore

the court had no power, in this proceeding, to make an order affecting the record in another cause, at that time not pending before it. Had such motion been made in the cause where the record of the return properly belonged, after notice to the execution debtor whose rights were to be affected, and the record of such motion made in that cause, and between the parties thereto, being brought to this court, the question would then, and only then, arise for decision.

Concerning the error assigned, that the court refused to hold certain propositions of law, we think the appellants were not in any manner injured by the refusal, as they had no application to the issue on which the case was disposed of. Therefore the court properly refused all propositions of law, of which complaint is made.

We come now to the consideration of the propriety of the court's action in dismissing the case for want of jurisdiction. The statute (Sec. 1, Chap. 62, Starr & Curtis) provides that when a judgment shall be rendered by any court of record, and an execution against the defendant in such judgment shall be returned by the proper officers, "No property found," on affidavit, etc., it shall be lawful to issue summons, etc.

It was held in Chanute et al. v. Martin, 25 Ill. 63: "The obvious design of the law was only to authorize such proceeding after a failure, where a reasonable effort has been made in good faith to collect the money by the ordinary process of the law. It was only intended to be allowed when there is no property subject to execution, or when it can not be found by reasonable efforts of the officer and plaintiff in execution." And in Mich. Cen. R. R. Co. v. Keohane, 31 Ill. 144: "A party seeking the benefits of this provision must bring himself, substantially, within its provisions. * * * An execution must have been issued and returned 'no property found,' to warrant the issuing of garnishee process, under this section. This is a statutory mode of obtaining execution after the means known to the common law have been employed and failed. And it can only be resorted to after the requirements of the statute have been complied with, as conditions to issuing the process,

Unless the return, in terms or substance, states that 'no property is found,' it is insufficient." In the respect last above described it is likened unto a creditor's bill. Dunderdale v. Westinghouse Electric Co., 51 Ill. App. 407.

In the light of the statute and the decisions under it, there seems little reason for the contention that the return here presented is sufficient to entitle the process to issue. It is wanting in the essential element of the legal requirement that no property of the defendant was found. He may have had unlimited property and the return of the officer be also true.

The order of dismissal for want of jurisdiction may not have been, technically, the correct judgment, but in its final effect was right. The judgment of the Circuit Court will therefore be affirmed.