## Katharina Reinhardt v. James Kennedy.

1. PROCESS—*Officer Making a Return of a Writ is Presumed to Have Intended to Make a Legal Return.*—Ordinarily, it is presumed that the sh·riff or constable making a return of a writ intended to make a legal return, and if the language used by him in such return fairly admits of a construction which will make his return legal and sufficient, it should be so construed.

2. CREDITORS' BILL—*May Be Filed upon the Return of an Execution Nulla Bona.*—A creditor's bill may be filed upon the return of an execution *nulla bona*, upon the day on which it was issued, although it does not appear that any demand was made upon the defendant.

**Motion to Quash an Execution, etc.**—Error to the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding. Heard in the Branch Appellate Conrt at the March term, 1902. Affirmed. Opinion filed February 13, 1903.

May 31, 1898, a judgment in favor of James Kennedy was rendered by a justice of the peace of Cook county against Louis Reinhardt and Katharina Reinhardt for $200 and costs. Execution against both of the defendants was issued upon the same day and given to a constable of said county, who six days thereafter made thereon the following return : " By virtue of the within I have made a demand and left a copy of this writ with notice to schedule within ten days indorsed thereon, with within named defendant, this 6th day of June, 1898. C. Garvin, Constable;" and on the 8th day of August, sixty-eight days after the reception of the writ by him, the constable made the following return : " No property found in my county this 8th day of August, 1898. C. Garvin, Constable."

Three years thereafter, on the 29th day of May, 1901, a transcript of the proceedings had before the justice of the peace was filed in the office of the clerk of the Circuit Court and an execution was issued out of that court on the transcript, June 14, 1901. The defendant Katharina Reinhardt appeared in the Circuit Court and upon the face of the transcript moved to have the execution quashed, the transcript stricken from the files and the record

thereof expunged, which motions being denied, she sued out a writ of error to this court. ,

A. W. FULTON, attorney for plaintiff in error.

MARTIN C. KOEBEL and ALBERT B. GEORGE, attorneys for defendant in error.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

The record does not show, as is insisted, that the trial in the justice court, at which only one of the defendants, Louis Reinhardt, appeared, was had before the expiration of an hour from the time of day at which the summons was made returnable.

If the return of the execution by the constable "no property found" had been made by direction of the plaintiff, it would have been insufficient to have warranted the justice in certifying the judgment to the clerk of the Circuit Court. As was said by the Appellate Court in Pecos v. Olson, 63 Ill. App. 316, no presumption is to be indulged in favor of a sheriff, when he acts, not of his own volition, but in obedience to the direction of the plaintiff in the writ. Ordinarily, it is presumed that the sheriff or constable making a return of a writ intended to make a legal return, and if the language used by him in such return fairly admits of a construction which will make his return legal and sufficient, it should be so construed. 2d Ed. of Freeman on Execution, Sec. 362; Cogwells v. Warren, Federal Cases, 2958; Phillips v. DeMoss, 14 Ill. 410.

A creditor's bill may be filed upon the return of an execution *nulla bona*, although it do not appear that any demand was made upon the defendant, and the return be made by him upon the day the execution is received by the officer. Young v. Clapp, 40 Ill. App. 312, 318; Scheubert v. Honel, 50 Ill. App. 597–598.

In Heffly v. Hall, 24 Tenn. (5th Humphrey), 581, it was held that a return by the officer of an execution against two defendants, the word "defendant" used by the officer

in his return must be held to be *nomen collectivum*, and to mean "defendants."

The Circuit Court properly denied the motion of plaintiff in error and its action in so doing is affirmed.

Mr. Justice BURKE took no part in the determination of this case.