### Harry Gordon, for use of J. P. Cirese, trading as Cirese Brothers & Company, Appellant, v. Great Lakes Fruit Company, Appellee.

#### Gen. No. 7,587.

1. GARNISHMENT—*admissibility of evidence to explain return of execution unsatisfied at instance of plaintiff's attorney.* Upon hearing of a motion to vacate a judgment against a garnishee, based upon the contention that the court was without jurisdiction to enter it, since the execution in the original suit was returned at the instance of plaintiff's attorney, it was error to exclude plaintiff's offer to show that the execution was returned nulla bona 270 days after issuance and only after fruitless efforts to locate property of the defendant with which to satisfy it, and that since the issuance of that execution others had been issued on different judgments and voluntarily returned unsatisfied by the sheriff.

2. GARNISHMENT—*diligence to satisfy execution requisite as foundation for garnishment proceedings.* A sheriff or a plaintiff in execution is only required to make a reasonable effort to find property out of which to satisfy an execution, before the execution may be returned, so that a judgment creditor may proceed to lay the foundation for a garnishment proceeding.

3. GARNISHMENT—*conclusiveness of answer upon garnishee.* A garnishee is in no position to complain of a judgment rendered against him in accordance with the admissions of his own answer.

Appeal by plaintiff from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed March 19, 1926.

HELEN M. CIRESE, for appellant; JOSEPH A. JADRICH, of counsel.

GEORGE W. FIELD, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

This is a proceeding in garnishment. J. P. Cirese, doing business as Cirese Brothers & Company, obtained a judgment against Harry Gordon at the April

term, 1923, of the circuit court of Lake county, for the sum of $361.51. Execution was issued upon the judgment and a levy was made upon certain stock that it was believed the said Harry Gordon owned in the Great Lakes Fruit Company. It was ascertained, however, that the said Harry Gordon was not the owner of the stock and the levy was released; the execution was not returned within 90 days but was retained by the sheriff for a period of 270 days, at which time the sheriff returned it at the suggestion of the attorney for the plaintiff showing an indorsement thereon that no property was found and no part satisfied.

On the day of the return of the execution an affidavit for writ of garnishment was made, and the writ was issued in favor of Harry Gordon for the use of J. P. Cirese, doing business as Cirese Brothers & Company, returnable to the March term, 1924. On the 3rd day of March, 1924, which was the first day of the term to which the writ was returnable, Theodore Goldsmith, president of the Great Lakes Fruit Company, appeared in court in person, offered no objection to the proceedings, and answered orally in response to the writ and informed the court that the Great Lakes Fruit Company, appellee herein, owed Harry Gordon $398.95.

On the same day an order was entered by the court, finding that the court had jurisdiction of the subject matter, and that the cause had been submitted for trial without a jury, and the issues were found for the plaintiff, and that at the time of the service of the writ, there was due and owing Gordon, by the garnishee, the sum of $398.85. Judgment was accordingly entered for that sum. The order of the court was as follows: "It is ordered by the Court that the defendant Harry Gordon, for use of the plaintiff J. P. Cirese, doing business as Cirese Brothers and Company, do have and recover of and from the Great Lakes Fruit Com-

pany the sum of $398.95, being the amount of the original judgment and interest and all costs accrued and that execution issue therefor.''

On the 25th day of April, 1924, the Great Lakes Fruit Company made a motion to set aside and vacate the judgment entered on March 3, 1924. On November 24, 1924, a hearing was had on the motion to vacate the judgment and the same was denied, to which action of the court the Great Lakes Fruit Company excepted and prayed an appeal to the Appellate Court. Two days later, on November 26, 1924, the Great Lakes Fruit Company entered another motion to vacate the judgment of March 3, 1924, and to set aside the order entered on November 24, 1924. On April 25, 1925, the motion of November 26 came on for hearing, and the court held that inasmuch as the execution in the original suit, upon which the garnishment proceeding was based, had been returned by the order of the plaintiff's attorney, the court had no jurisdiction of the subject matter, and that it was the duty of the court to allow the motion of November 26, and to strike the order of March 3, 1924, from the record, which was accordingly done and the said order of March 3, being the judgment, was vacated and the order of November 24, 1924, was stricken.

The appellant excepted to the ruling of the court and prosecuted this appeal. It will be seen that the court vacated the judgment for the reason that the execution was returned at the suggestion of the attorney for the plaintiff in the original suit against Gordon. The question for decision on this branch of the case is whether or not the court was within the rule in holding that under the facts as disclosed by the record, appellant was not in a position, on account of having had the execution returned, by order of the plaintiff's attorney, to make the affidavit which is the basis for the issuing of the garnishment writ.

The execution was issued on April 26, 1923, and a

levy was made on certain shares of stock of the Great Lakes Fruit Company. It was subsequently discovered that the stock could not be reached, and the levy was accordingly released on the 31st of January, 1924. It is true the attorney for appellant requested the return of the execution. The sheriff could have returned the execution without such request as the statute provides that executions shall be made returnable 90 days after the date thereof. Had the plaintiff in the original suit requested the return of the execution before the expiration of 90 days, then a different question would be presented. Then the request would have been to do something that the sheriff was not obliged to do and it would not be his duty to do, as he would have to show some reason, by his return, for taking such action. We are familiar with the rule announced in *Horrall v. Brassie,* 158 Ill. App. 526, relied upon by appellee. The court there held that the execution returned by order of plaintiff's attorney was not sufficient to base a garnishment upon. In that case, however, the facts are entirely different. No effort was made by the sheriff to demand any property or to make a levy, and the execution was returned 30 days after its issue. In the instant case the sheriff not only made a demand but made a levy, which was found afterwards to be erroneous. Upon the hearing of the motion to vacate the judgment appellant offered to prove that efforts had been made by the plaintiff and the sheriff to locate property out of which to satisfy the execution and that the judgment debtor had other judgments against him on which executions had been issued since the issuing of the execution in question and on which the sheriff had made return of "No property found, no part satisfied," which was made voluntarily by the sheriff. The court refused to admit the offered testimony and in so refusing the court erred. *Chanute v. Martin,* 25 Ill. 63-66.

A sheriff or a plaintiff in execution is only required

to make a reasonable effort to find property out of which to satisfy an execution, before the execution may be returned, so that a judgment creditor may proceed to lay the foundation for a garnishment proceeding. *Chanute v. Martin, supra.*

Appellant should have been given an opportunity to show that the sheriff and judgment creditor had made a reasonable effort to find property out of which to satisfy the execution. If the appellant can show the facts he offered to prove then a reasonable effort had been made.

It has been held that a garnishee having once answered, he cannot complain afterwards if judgment was rendered against him based upon his own answer. *Natywa v. Wachowski,* 171 Ill. App. 457.

We are of the opinion that the action of the court in setting aside and vacating the judgment based alone on the fact that the execution had been returned by the sheriff, by order of plaintiff's attorney nine months after it was issued, without giving appellant an opportunity to show the facts in relation to what if any effort had been made by the sheriff and judgment creditor to satisfy the execution was erroneous, and the judgment of the circuit court of Lake county is reversed and the cause remanded.