P. J. Kelly, Appellee, v. Louis L. Marks et al., Appellants.

Gen. No. 35,555.

Opinion filed January 25, 1932.

Rosenberg, Corlett & Toomin, for appellants; Milton M. Hermann, of counsel.

Lord, Lloyd & Bissell, for appellee; Cushman B. Bissell and A. C. Wetterstorm, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

This case presents a question of practice in garnishment proceedings which arises on the appeal of the defendants from an order denying their petition to vacate judgments rendered against certain garnishee defendants.

June 26, 1931, judgment by confession was entered against defendants in the sum of $28,300.99, based upon a promissory note secured by a trust deed conveying real estate in Chicago. July 1, a writ of execution was issued on the judgment and returned the same day with the following indorsement by the sheriff:

"The within named defendants not found and no property of the within named defendants found in my county on which to levy this writ, I therefore return the same no property found and no part satisfied, this 1st day of July, A. D. 1931."

On the same day an affidavit was filed with the clerk of the court for the issuance of a garnishee summons as required by section 1 of the Garnishment Act, Cahill's St ch. 62, ¶ 1, and on the same day garnishment summons was issued directing the sheriff to summon the First Union Trust and Savings Bank, a corporation, and the First National Bank of Chicago, a corporation, as garnishees. Their answers were filed July 17, and on August 3, judgments were entered against the First Union Trust and Savings Bank in

the sum of $3,351.18 and against the First National Bank for $270.35. Executions were issued and served on these judgments.

August 7, defendants moved the court to vacate these judgments against the garnishees and to dismiss the garnishment proceedings. The motion was supported by a verified petition alleging, among other things, that the writ of execution issued July 1 against these defendants was delivered to the sheriff with directions to return the same *nulla bona,* without any attempt to serve the defendants with the writ or to levy on any of their property; that thereupon, on the same day, a writ of garnishment was issued which directed the sheriff to summon the garnishees, which was served. Petitioners denied the validity of the judgment against them and alleged that they were about to file a bill in equity to set the same aside, but that if it should be determined that said judgment was valid a levy can be made upon certain real estate owned by defendants, which is known and described as 1650 West Roosevelt Road, Chicago; that title to the same is vested in defendants Louis L. Marks and Meyer S. Marks, and that a levy can be made upon said premises in the event the judgment is found to be valid. The defendants asked for an order vacating the judgment rendered against the garnishees.

Upon hearing the court evidently was of the opinion that the petition was vague and uncertain in its allegations as to whether the defendants owned the property on the day the execution was issued, and also in its allegations as to the value of the real property, or whether there were any incumbrances. Thereupon the petitioners asked that the motion to vacate the garnishee judgments and to dismiss the garnishment proceedings be entered of record and continued for hearing to the following day in order that they might present an amended verified petition setting forth the

matters which were not included in the petition presented. This motion was overruled by the court, and also the prayer of the petition to vacate the garnishment judgments was denied.

The defendants argue that a garnishment proceeding is invalid which is founded upon a return of an execution *nulla bona* on the day it is issued, pursuant to directions of the plaintiff or his attorney and without any attempt to serve the same, when the defendants are the owners of property within the jurisdiction which is subject to execution and levy.

By our statute on Judgments, Cahill's St. ch. 77, a judgment debtor may demand that his real estate be levied on first to satisfy a judgment and he may have one year from sale to redeem.

Plaintiff argues that the return of the sheriff cannot be questioned in this manner, citing *Boksa v. Buchaniec,* 245 Ill. App. 602. The principal point involved in that case was whether a creditor had the right to garnishee a bank which had a deposit of only one of several of the judgment debtors.

In *Bruhl v. Anderson,* 207 Ill. App. 169, cited by plaintiff, it was held that while the return of an execution, under like circumstances as are present here, is only prima facie evidence, yet there was not "the slightest suggestion" that the defendant had any property within the county subject to execution, hence the garnishment proceeding was sustained. In *Reinhardt v. Kennedy,* 106 Ill. App. 96, also cited by plaintiff, it was held that if the return of the execution no property found had been made by direction of the plaintiff, it would have been insufficient to have warranted the justice in certifying the judgment to the clerk of the circuit court, the opinion saying that "no presumption is to be indulged in favor of a sheriff when he acts, not of his own volition, but in obedience to the direction of the plaintiff in the writ."

We are of the opinion that the return of the sheriff is only prima facie evidence in a garnishment proceeding and may be questioned by the execution debtor. The statute requires, in addition to a return of *nulla bona,* an affidavit of no property within plaintiff's knowledge subject to execution. In *Chanute v. Martin,* 25 Ill. 63, the court construed the statute to authorize garnishment proceedings only upon the failure after a reasonable attempt has been made to collect the money by the ordinary processes of the law; that "it was not the design of the general assembly that the proceeding might be resorted to when execution had been returned no property found" only, but that the affidavit must be filed before the garnishment process can be invoked. The opinion points out the hardship of permitting a plaintiff to resort to garnishment especially where the debtor has property liable to execution "simply because the plaintiff in execution could make his money sooner by this process than by the sale of real estate. To tolerate such a practice would be to permit the law to be perverted to the oppression of defendants." In *Michigan Cent. R. Co. v. Keohane,* 31 Ill. 144, 145, the return showed that the execution was returned not satisfied, by order of the plaintiff's attorney. It was held that this was not a compliance with the statute. In this case the execution was actually served on the judgment debtor, but it was held that reasonable and diligent efforts must be made to discover property before garnishment proceedings could be instituted. It was also so held in *Clark v. First Nat. Bank of Earlville,* 71 Ill. App. 601. In *Dunderdale v. Westinghouse Electric Co.,* 51 Ill. App. 407, it was held that the practice concerning the issuance of garnishment process was like that in the filing of a creditor's bill and that where the return *nulla bona* of an execution is by order of a plaintiff's attorney where it does not appear that any demand was made upon the execution debtor or any

effort made to find property, garnishment proceedings will not be sustained. This has been the ruling in cases involving creditor's bills, where it is held that before a creditor's bill can be maintained it must appear that the creditor has exhausted his legal remedies and that the sheriff has made proper efforts to collect the judgment, which have been unavailing. *Scheubert v. Honel,* 50 Ill. App. 597; *Pecos Irrigation & Improvement Co. v. Olson,* 63 Ill. App. 313, 315. In *Gordon v. Great Lakes Fruit Co.,* 240 Ill. App. 46, the decision was based upon the conclusion that whether the sheriff had made a reasonable effort to find property out of which to satisfy the execution could be determined by evidence, the court holding that the plaintiff should have been given an opportunity to show this. In *Horrall v. Brassie,* 158 Ill. App. 526, it was held that where the execution was returned *nulla bona* by order of plaintiff's attorney and no effort made to find property, there was no basis for the garnishment suit.

The case before us presents an instance which illustrates the hardship upon the defendants of the practice followed by the plaintiff. Judgment by confession is entered against defendants without any notice to them upon their note which is secured by a trust deed conveying real estate in Cook county. Plaintiff, instead of attempting to collect on his security by foreclosure or otherwise, seeks by a short cut to levy on defendants' personal property, thus depriving them of their statutory right to have their real estate taken first before their personal property is taken.

Although plaintiff attempts to distinguish *Chanute v. Martin, supra,* and this may be done in certain particulars, yet we are of the opinion that this case in principle points out the proper practice to be followed: That in a garnishment proceeding, where it can be shown that the return of the sheriff is made pursuant to directions from plaintiff or his counsel and it can

also be shown that the execution debtor has real estate out of which the judgment may be satisfied, the execution debtor has the right to have the real estate first taken before his personal property is subjected to levy, and that to avail himself of such right he may, upon a proper showing, have the judgment in the garnishment proceeding vacated and set aside and the garnishment proceeding dismissed.

We do not agree that the garnishee, only, has the right to present the claim that the judgment debtor has real property upon which the execution should be levied. The garnishee in most cases would not know this and such knowledge would be peculiarly in the possession of the execution debtor.

The petition was deficient in the respects indicated, but we think the petitioners should have been permitted to file an amended petition. While the garnishment proceeding is a statutory action at law, yet the court in such proceedings exercises an equitable jurisdiction and may make such orders as may be necessary or equitable between the parties. *LaSalle Opera House Co. v. LaSalle Amusement Co.*, 289 Ill. 194.

If it should develop that the real estate is the same as that conveyed by the trust deed as security for the note upon which judgment has been entered, it should be kept in mind that the trust deed no longer stands as security for the note but for the judgment on the note. *Jocelyn v. White,* 201 Ill. 16.

For the reasons indicated the order appealed from is reversed, with directions to permit the defendants to file an amended petition, and for further proceedings consistent with what we have said in this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.