HENRY H. GAGE *et al.*

*v.*

WILLIAM H. EDDY.

*Filed at Ottawa May 11, 1897.*

1. COURTS—*rules of Cook county circuit court apply alike to all its judges.* Rules adopted at a term of the circuit court of Cook county at which all the judges of such court were present are the rules of the circuit court of Cook county, and apply alike to all judges holding terms of the circuit court in such county.

2. SAME—*effect of rule that clerk enter an order each term authorizing him to open depositions.* A rule of court that the clerk shall enter an order on the first day of each term giving leave to the clerk to open and file all depositions returned or to be returned to that term of court, is valid and binding, and authorizes the clerk to enter such order and act thereunder.

3. PRACTICE—*when copy of lost deposition may be filed and admitted in evidence.* Where the deposition of a witness residing in another State has been lost from the files without fault of the parties, leave may be given by the court, upon a satisfactory showing, to file a copy of the deposition, and such copy may be admitted in evidence.

4. EVIDENCE—*fact that witness has been convicted of crime may be shown by parol.* The fact that a witness has been convicted of crime may, under section 1 of the Evidence act, (Rev. Stat. 1874, p. 488,) be shown for the purpose of affecting his credibility, and such conviction may be proved as any fact not of record, by any witness cognizant thereof.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

EDWARD ROBY, for appellants.

C. S. DARROW, MORRIS ST. P. THOMAS, and H. S. MCCARTNEY, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is ejectment by appellee, against appellants, to recover the south half of the north-east quarter of the north-west quarter of section 28, township 38, north,

range 14, east of the third principal meridian, except the right of way of the Chicago, Rock Island and Pacific Railroad Company. On a trial had in 1892 judgment was entered for defendants, which, on appeal to this court, was reversed and the cause remanded. The opinion in that case is reported as *Eddy* v. *Gage*, 147 Ill. 162. On remanding the cause a new trial was had and much additional evidence introduced, both for the plaintiff and the defendants, and a verdict and judgment were entered for the plaintiff, from which this appeal is prosecuted.

There are three bills of exceptions taken to these proceedings and trial. The first was taken to the order of the court refusing to quash the deposition of Samuel P. Childs; the second was upon the order of the court upon a petition that a copy or paper presented be established as a copy of a deposition of Fred O. Kimball, and substituted for the original, and upon an order refusing to quash such deposition; the third bill of exceptions contains the evidence and exceptions taken and saved at the trial of said cause, and afterwards.

Appellants moved in the circuit court to quash the deposition of Samuel P. Childs. This deposition was taken at Knox, Indiana, about two hours' ride from Chicago, upon notice that it would be taken on oral interrogatories. Defendants' attorney, as appears by the affidavit on which the motion was made, started to attend the examination, but was delayed by a railroad accident, so that he could not reach the place of the taking on the day named in the notice. He used due diligence to get there. Some time before the trial he looked at the papers to see whether the deposition of said Childs had been returned, so that he might move to have the same opened. He found the deposition open among the files, and immediately gave notice that he would move, as attorney of Mary Sullivan, to quash the deposition. The file-mark on the envelope shows that it was filed on November 22, 1894, and the deposition itself was endorsed,

"Opened and filed November 22, 1894," with the signature of the clerk affixed.

It appears by this record that the *placita*, January term, 1892, recites: "Present, the Hon. Murray F. Tuley, Chief Justice of the circuit court of Cook county, State of Illinois." Beneath that, in a column on the left hand of the page, are the names, Thomas A. Moran, Lorin C. Collins, Richard S. Tuthill, Francis Adams, Frank Baker, Arba N. Waterman, Richard W. Clifford, Oliver H. Horton, Samuel P. McConnell, George Driggs. These names have opposite them a bracket, to the right of which are written the words, "Judges of said court." The *placita* concludes with the names of the State's attorney, sheriff and clerk, after which appears the following: "Court opened by proclamation, Saturday, February 6, 1882.— It is hereby ordered that the following twenty-six rules be adopted as the common law rules of practice of this court, that the same be spread upon the record of this court, and that all common law rules of practice heretofore adopted are hereby rescinded." Among other rules adopted were these:

"Rule 2. The clerk shall keep a common law register, in which shall be noted   *   *   *   the date of filing each paper filed in such cause, describing the same as briefly as may be necessary for identification."

"*Opening of depositions.*—Rule 4. The following order shall be entered on the first day of each term: Ordered, that leave be and is hereby given the clerk of this court to open and file all depositions returned and to be returned during the present term of this court."

It is insisted there is no authority for the several judges of the circuit court of Cook county to jointly hold a term of court. That contention is true. But it is apparent that what was done at such term as a joint act was the adoption of rules of court, and the record can only be considered as showing that the several judges assented to such rules. Without the adoption of rules by

general agreement each judge would have his own rules, and uncertainty and confusion would result in the practice. The circuit court of Cook county has but one clerk, who keeps on one record the proceedings before the judges separately, and to contend that these twenty-six rules must be adopted and recorded on the same record as many times as there are judges of that court would be to require a useless act, which the law never does. The rules thus adopted are the rules of the circuit court of Cook county, applying alike to all the judges holding terms of the circuit court therein.

It is further insisted that rule 4 is violative of the terms of sections 31 and 32 of the Depositions act. Section 31 of that act is as follows: "Every deposition that shall be returned to the court unsealed, or the seal of which shall be broken previous to its reception by the clerk to whom it is directed, shall, if objection be made thereto in proper time, be regarded by the court as informal and insufficient." (Rev. Stat. 1874, p. 493.) Section 32, as amended in 1887, (3 Starr & Curtis, p. 607,) provides as follows: "It shall not be lawful for any party litigant, or the clerk of the court into which any deposition may be returned as aforesaid, to break the seal of the same, either in term time or in vacation, unless by written consent of the parties thereto or their attorneys, or by the order of the court duly entered of record."

By section 34 of chapter 37 of the Revised Statutes, the circuit courts have power to make such rules for the orderly disposition of business before them as are expedient and consistent with law. When such rules are entered of record they become the law of procedure in matters to which they relate, until they are rescinded by order of record in term time. Such rules cannot contravene a statute, for in such case the rule would be a nullity, but, when not inconsistent with the statute, are binding on the court. Rule 4 above amounts to an order entered by order of the judge on the first day of the term,

that leave be and is given the clerk to open and file all depositions returned and to be returned during the present term. It is not denied that such an order might be made by the judge on the first day of the term, but it is contended that where such an order is not actually made by the judge, the entering of such order of record by the clerk is untrue. The rule is binding on the court and the clerk, and is of itself an order that the clerk should write up an order as made by the court for leave to open and file depositions under rule 4 of the rules of court.

There was no error in overruling the motion to quash the deposition of Samuel P. Childs.

The second error assigned is, the court ought not to have granted the plaintiff's motion to substitute a supposed copy for the supposed deposition of Fred O. Kimball, and ought not to have permitted such supposed copy to be read as evidence; that the court ought to have quashed such deposition and copy, and ought not to have permitted the copy to be read in evidence. On the day the trial began, the case being called for trial, the plaintiff presented his petition, stating the deposition of Fred O. Kimball, filed on January 22, 1894, was lost, and asked to substitute a copy. In support of his petition affidavits were presented showing the deposition was taken under a stipulation, and showing that it was taken in stenographic notes, which were written out on a typewriter, a carbon copy being at the same time made, which was presented as the copy of the deposition. That when a deposition on file in a case is lost without the fault of the party who seeks to restore it, a copy may be used, is clearly established. In *Burton* v. *Driggs*, 20 Wall. 125, it was said: "In the present case the witness lived in another State and more than one hundred miles from the place of trial. Process of the court could not reach him. For all jurisdictional purposes he was as if he were dead. It is well settled that if books or papers necessary as evidence in a court in one State be in the possession

of a person living in another State, secondary evidence, without further showing, may be given to prove the contents of such papers, and notice to produce them is unnecessary. (Citing numerous authorities.) Here there was nothing to prevent the operation of the general rule as to proof touching writings lost or destroyed. The deposition was one of the files in the case. The plaintiff was entitled to the benefit of the contents of that document. Having been lost without his fault, he was not bound to supply its place by another and a different deposition, which might, or might not, be the same in effect with the prior one. There was no error in admitting in evidence the copy to which this exception relates." In this case the witness was a resident of Minnesota. His deposition had been taken, placed on the files and lost therefrom. In these respects the case is like that of *Burton* v. *Driggs*, *supra.* There was conflict in the affidavits as to the correctness of the copy of the stipulation and deposition. The conflict was of a character that upon a consideration of all the affidavits relating thereto we are not disposed to disturb the ruling of the trial judge thereon. It was not error to admit the copy in evidence, nor in overruling the motion to quash the deposition.

After the deposition of Kimball was read in evidence, and one L. W. Crooker, a witness called by plaintiff, was being cross-examined, he was asked by defendant's counsel in reference to Fred O. Kimball, and the following question, answer and ruling appear:

The witness answered: "I remember Frederick O. Kimball. I think he lives in Minneapolis now. I knew where he lived at that time.

Q. "Do you know whether he was indicted once? (To this question the plaintiff objected, and the court sustained the objection and excluded the evidence, saying, 'The record of conviction is the only thing that would be material.' To the ruling of the court the defendants then and there excepted.)

"Counsel for said defendants stated, 'I propose to follow it up, and prove by oral evidence that he was convicted of forgery.' But the plaintiff by his counsel objected and excluded the evidence, and said defendants by their counsel then and there duly excepted."

And when a witness, Benedict Meeter, called by plaintiff, was being cross-examined, he was asked with reference to the witness Kimball, and the following took place:

Q. "Was he ever indicted? (Objected to.)

"Mr. Roby, attorney for Gage and Sullivan: I expect to follow that up by proving that he was convicted.

"The court: Begin right there. There is just one way to prove conviction, and that is by introducing the record.

"Mr. Roby: I propose to prove it by the oral testimony of witnesses.

"To such evidence the plaintiff objected, and the court sustained the objection and excluded the evidence so proposed, and said defendants by their counsel then and there duly excepted."

Neither of these examinations was a cross-examination of any matter brought out in chief, but the objector does not seem to have assigned that as the cause of the objection.

Section 1 of chapter 51 of the Revised Statutes provides: "No person shall be disqualified as a witness in any civil action * * * by reason of his or her conviction of any crime, but such interest or conviction may be shown for the purpose of affecting the credibility of such witness; and the fact of such conviction may be proven, like any fact not of record, either by the witness himself * * * or by any other witness cognizant of such conviction, as impeaching testimony, or by any other competent evidence." The conviction for crime, when offered as impeaching evidence at common law, could only be proved by offering the record of conviction and identifying the witness as the convicted person. The above section authorized other methods of showing such convic-

tion as impeaching testimony. The ruling of the court in the two cases above stated was, that there could be no proof offered except the record of a conviction for crime. In this there was error. The testimony of this witness was material and important.

It is unnecessary to consider other errors assigned, as for the error indicated the judgment must be reversed.

The judgment of the circuit court is reversed and the cause is remanded for a new trial.

*Reversed and remanded.*