## Charles Bruhl for use of Martin D. Jones, Defendant in Error, v. W. J. Anderson. Intervening Petition of Earl Burton, Plaintiff in Error.

### Gen. No. 22,091.

1. EXECUTION, § 256*—*when evidence is insufficient to impeach sheriff's return of nulla bona in county.* Evidence, including an answer of a garnishee that the creditor's attorney filed a memorandum that he was advised that the debtor had no property in the county subject to execution; that a demand would be unavailing; that if the sheriff, in the exercise of his discretion, should conclude to return the execution *nulla bona* the creditor would waive any damages that might result therefrom, and that a return no property found was made, *held* insufficient to overcome the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

prima facie evidence that there was no property subject to execution in the county arising from the return of the execution.

2. Appeal and error, § 1698*—*when failure to traverse answer may not be taken advantage of.* The failure to traverse an answer of the garnishee in garnishment proceedings cannot be taken advantage of on appeal where the parties, without objection, proceeded with the trial of the case as though the issues had been properly joined.

Error to the Circuit Court of Cook county; the Hon. Richard S. Tuthill, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed July 11, 1917. Rehearing denied July 23, 1917.

Max M. Grossman and Robert S. Cook, for plaintiff in error.

Boyle & Mott, for defendant in error.

Mr. Presiding Justice Goodwin delivered the opinion of the court.

The plaintiff in error, who was the intervening petitioner below, seeks to set aside a judgment in favor of the defendant in error, who was the plaintiff below, obtained against one Anderson in a certain garnishment proceeding. The parties will be referred to as plaintiff, defendant, garnishee and intervening petitioner, as in the court below.

The record discloses that the plaintiff took judgment by confession against the defendant, sued out execution, and immediately thereafter the sheriff of Cook county returned the execution no property found. At the time it was placed in the hands of the sheriff, plaintiff's attorney gave him a memorandum to the effect that he was advised, and so stated, that the defendant had no property in the county subject to execution, and that a demand would be unavailing, and that if, in the exercise of his discretion, the sheriff returned the exe-

cution *nulla bona,* the plaintiff would waive any damages that might accrue as the result of his doing so. Thereafter, upon the making of the statutory affidavit, garnishment proceedings were begun against the garnishee, who answered that a judgment had been obtained against him by defendant, but that an appeal had been taken. The garnishee further set up the facts already stated in regard to the manner in which the sheriff's return had been made. Shortly before the cause came on for trial, the intervening petitioner filed his petition, apparently by leave of court, setting up the facts concerning the suing out and return of the execution, and alleging that on a day subsequent to the institution of the garnishment proceedings he obtained from the defendant an assignment of the judgment against the garnishee, that he was entitled to the full benefit of that judgment, and that plaintiff was entitled to no relief because the execution was returned without any bona fide attempt to discover assets belonging to the defendant subject to the execution. When the case was called for trial, the court, after hearing evidence, entered an order reducing the amount of the judgment upon a remittitur; thereupon it was brought to the attention of plaintiff's attorney that an intervening petition had been filed. He objected to proceeding with the trial until he had had a reasonable time to answer. The court overruled the objection, entered an order permitting the plaintiff to answer the intervening petition within five days, and directed the parties to proceed with the hearing. There was on file an answer by the defendant admitting the assignment of the judgment in question to the intervening petitioner, and it appeared that the judgment against the garnishee in favor of the defendant had been affirmed by this court, and was then absolute. The court, after hearing the evidence, entered a judgment in favor of the plaintiff for $1,101.97,

and in favor of the intervening petitioner for the balance of the judgment.

It is objected that, as there was an answer on file on behalf of the garnishee which had not been traversed, the answer must be taken as true. If it be assumed, for the purpose of argument, that this contention is correct, the question arises as to whether the answer constituted a bar to the garnishment proceedings. This answer, as already indicated, stated, in substance, that immediately upon the suing out of the execution, the attorney placed it in the hands of the sheriff, but did not pay the statutory fee for serving the same or for making demand, but only fifty cents for the sole purpose of having a return made upon the summons; that plaintiff's attorney filed a memorandum to the effect that he was advised that defendant had no property in the county subject to execution, and that a demand would be unavailing, and that if the sheriff, in the exercise of his discretion, should conclude to return the execution nulla bona, the plaintiff would waive any damages that might result therefrom, and that a return no property found was thereupon made.

There is not, however, the slightest suggestion in the answer, or elsewhere in the record as abstracted, that the defendant had any property within the county subject to execution. While it may be true that the return of an execution nulla bona is only prima facie evidence of the fact, there is nothing in the record to overcome the case thus made out. If it had been shown that there was at the time property of the defendant within the county which a reasonable effort on the part of the sheriff would have disclosed, or that a demand upon the defendant would have been availing, a different question would arise; but we are clearly of the opinion that nothing shown in the answer or by the evidece impeaches the regularity or propriety

of the return.  The sheriff may well, and usually does, thus gain his knowledge of property subject to execution, and we see no reason for saying that the course pursued in the case at bar was improper.  But so far as the failure to traverse the answer is concerned, we think that in any event no advantage could be taken of it here, since the parties, without objection, proceeded with the trial as though issues had been properly joined. .Moreover, the garnishee is the only party who would be entitled to any advantage on account of a failure to answer his petition, and the only person objecting to the judgment is the intervening petitioner. So far as the latter's petition is concerned, it clearly appears from the portions of the bill of exceptions appearing in its abstract that it objected to a continuance of the cause, acquiesced in the action of the court in compelling the plaintiff to proceed without an opportunity to answer the petition, and made no objection to the order of the court permitting an answer to be filed at a subsequent date.  We are further of the opinion, for the reasons already given, that nothing set out in the intervening petition, itself, impeached the regularity of any step in the garnishment proceedings.

For the reasons stated, the judgment of the Circuit Court is affirmed.

*Affirmed.*