(No. 11940.—Reversed and remanded.)

THE NORTH AVENUE BUILDING AND LOAN ASSOCIATION *et al. vs.* CHRISTINA HUBER, Defendant in Error.— (ALBERT J. KEMPER *et al.* Exrs., Plaintiffs in Error.)

*Opinion filed December 18, 1918—Rehearing denied Feb. 7, 1919.*

1. MORTGAGES—*when an attempted sale of notes and trust deed does not affect vendor's right to foreclose.* The fact that an attempted sale of a trust deed and the notes secured thereby, which were the property of such trustee individually, to a building and loan association, is *ultra vires* the association and void and the association without right to foreclose, does not destroy the validity of the deed and notes nor preclude the trustee from foreclosing or otherwise collecting the amount due on the notes.

2. SAME—*what does not relieve maker of notes from liability thereon.* The fact that the owner of a trust deed and notes may have received the full consideration therefor on an attempted sale thereof to a loan association, which sale was *ultra vires* the association and void, does not operate as a payment by the maker of the notes nor relieve her from liability thereon.

3. PLEADING—*when proposed amendment to bill need not first be presented to court in writing.* It is not necessary that a proposed amendment to a bill shall first be presented to the court in

writing before the motion to amend is allowed, where the motion, and exhibits in support thereof, clearly disclose the nature of the amendment and where the evidence already before the court is sufficient to support the amendment.

4. ESTOPPEL—*what does not give rise to an estoppel.* The fact that the vendor of notes and a trust deed, in testifying to their sale by him to a loan association, did not claim to own the same thereafter because of his erroneous understanding that the sale was valid, does not raise an estoppel against him or those claiming under him to assert such ownership when the sale has been held void by the courts because it was *ultra vires* the association.

5. PRACTICE—*when order dismissing bill may be set aside at a subsequent term.* An order dismissing a bill without notice to the complainants, in violation of a rule of the court requiring such notice, is not binding upon the complainants and may be set aside at the same term on motion or at a subsequent term, if the entry of the order is not discovered by the complainants until a subsequent term.

6. SAME—*rules of court have same binding force as statutes.* The rules of a court requiring notice to the parties have the same binding force on the court and the parties litigant as have statutes.

WRIT OF ERROR to the Second Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

CHRISTIAN MEIER, and GOLDZIER, RODGERS & FROEHLICH, for plaintiffs in error.

FREDERICK MAINS, (ERNEST J. BATTEN, and HAROLD O. MULKS, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of the court:

The North Avenue Building and Loan Association filed a bill in the circuit court of Cook county to foreclose a mortgage on property belonging to Christina Huber. After various amendments William Kemper, as trustee, was made a co-complainant, and the cause was tried in the circuit court upon the issues made on the answer of the defendants,

Christina Huber and John Huber, her husband. The cause was referred to the master in chancery to take the testimony and report his conclusions. Objections and exceptions to the master's report were overruled by the court and a decree entered in accordance with the master's recommendations. The Appellate Court affirmed the decree. The decree of the circuit court and the judgment of the Appellate Court were reversed by this court and the cause remanded to the circuit court for further proceedings. For a full statement of the facts in the case heretofore reviewed by this court we refer to the opinion then rendered. (*North Avenue Building and Loan Ass'n* v. *Huber*, 270 Ill. 75.) For a better understanding of the issues involved in this hearing it is necessary to further state that on July 15, 1914, the death of William Kemper was suggested in the circuit court, and his executors, Albert J. Kemper and Herman J. Westphal, under his last will were substituted as parties complainant instead of William Kemper individually and as trustee under said trust deed. On January 11, 1916, the mandate of this court was filed in the circuit court remanding the cause for such further proceedings as to law and justice should appertain. January 15, 1916, a decree was entered by the circuit court dismissing the bill for want of equity, but this decree was set aside on motion of Albert J. Kemper and Herman J. Westphal, plaintiffs in error, on the ground that neither they nor their attorney had any actual notice or other notice of the motion to dismiss made on that day, as required by the rules of the circuit court. Plaintiffs in error filed a motion to dismiss as to the building and loan association, and also a motion for leave to amend the bill or to file an amended bill within ten days therefrom and for a rule on defendants to plead, answer or demur to the same, in pursuance of the mandate of this court and in pursuance of the findings of fact as determined by the Appellate Court for the First District and in compliance with the opinion of this court, and for

the purpose of finally determining the rights and equities of the estate of William Kemper in the premises, as predicated on the opinion and upon the facts set forth in the affidavit in support of said motion. Copies of the opinions of the Appellate Court and of this court were attached to and made a part of the motion. The affidavit in further support of said motion set forth that on December 30, 1915, plaintiffs in error filed in the probate court of Cook county a supplemental inventory in the estate of William Kemper, scheduling as an asset of the estate the note and trust deed securing the same involved in this proceeding and disclosing title to the same in said estate under the decision of this court, which inventory was duly approved by the probate court; that on December 31, 1915, the North Avenue Building and Loan Association exhibited in the probate court its claim against the estate of William Kemper for the money by it paid to him during his lifetime for said note and trust deed and that said claim was allowed by the probate court in the sum of $24,000.93; that on January 28, 1916, an order was entered by the probate court authorizing plaintiffs in error, as executors aforesaid, to proceed with the prosecution of the cause to enforce the rights and equities of the estate of William Kemper, in accordance with the opinion and finding of the Supreme Court; that said motion, in support of which the affidavit was made, was being pressed in compliance with the order of the probate court and in accordance with the finding and opinion of the Supreme Court. The trial court overruled the motion to amend or to file an amended bill on the ground that the motion was not accompanied by any proffered amendment or amended bill and because the questions involved had been fully adjudicated by this court when the case was formerly before it, and also denied the motion of plaintiffs in error to dismiss the North Avenue Building and Loan Association out of the case. The original amended bill was then dismissed by the court at the cost of the build-

ing and loan association.   The executors then appealed from
that order to the Appellate Court for the First District,
which affirmed the order of the trial court.   The cause
was then brought to this court on *certiorari,* and this writ
of error followed.

Upon the facts found by the Appellate Court, that the
loan in question was made by William Kemper to Christina
Huber and that the note and trust deed taken by him to
secure the same belonged to him in person when he took
them and afterwards undertook to sell and deliver the same
to the North Avenue Building and Loan Association, this
court held that such contract of sale and delivery to the
building and loan association was *ultra vires* and absolutely
void, and that no title or rights whatever passed to the
building and loan association from Kemper by reason of
that attempted sale and transfer.   It was further expressly
held by this court in that case that as the building and loan
association had no right or equity whatever in the note and
trust deed it could not maintain a bill to foreclose the trust
deed.   It was not held or decided in that case that Kemper
or his estate could not maintain foreclosure proceedings or
other character of action on the note and trust deed for the
collection of the amount unpaid of the loan by Christina
Huber.   In the very nature of things no such holding could
be made legally, as neither Kemper nor his executors were
parties to the suit at that time in their individual capacities.
The title to the note and trust deed was in Kemper when
they were executed and delivered, and, so far as appears
from the entire record in the case, the title to those instru-
ments at all times since their delivery had remained in him
or his executors.   The attempted sale of the same on his
part to the building and loan association, the same being
illegal and absolutely void, could not have the effect to de-
stroy the validity or title of those instruments.   Under the
former decision of this court they remained the property of
Kemper just the same as if he had never attempted such

illegal sale to the building and loan association, with the right to collect interest on the note and to foreclose the trust deed and collect the entire debt when due if not paid by Mrs. Huber. The mere fact that Kemper and the building and loan association entered into and undertook to perfect the illegal sale and transfer of the same by Kemper, or the further fact that Kemper had received the full value of the note from the building and loan association on the illegal contract and sale, would furnish no excuse whatever to Mrs. Huber for her refusal to pay the note and interest in full, as agreed, to Kemper, and such facts would not in any way interfere with the legal right of Kemper to enforce the collection of the same by foreclosure proceedings. If there exists any defense to such a proceeding by the executors of Kemper after the note and trust deed were re-delivered to them by the building and loan association it is not disclosed in the record now before us or in the record that was formerly before us. As the attempted sale of the instruments was absolutely void, the title to them and the right to enforce the collection of them remained in Kemper just the same as if no sale at all had been attempted, and receiving the money by Kemper, even to the full value of the note and trust deed, was in no sense a payment thereon and in no way lessened or mitigated the obligation of Mrs. Huber to pay the same in full, according to the full tenor and effect thereof. *Daniels* v. *Belvidere Cemetery Ass'n,* 193 Ill. 181.

The decree of the circuit court and the judgment of the Appellate Court were reversed and the cause remanded when this case was here before, for the evident reason that the executors of William Kemper, who were then merely parties to the suit as trustees, might desire to take further steps in the case for the purpose of enforcing the rights of the estate of Kemper as to the note and trust deed. So far as the building and loan association was concerned, the case was entirely disposed of and all its rights in the suit were terminated against it. So far as appears from the record,

all that the executors, the plaintiffs in error, had to do to assert their right to foreclose the trust deed in question was to have the building and loan association dismissed out of the case, the prayer of the bill changed and all allegations stricken out of the bill that were inconsistent with their right to assert title to the instruments and their right to foreclose on the same, with possibly a clause or two additional in the bill asserting their right aforesaid. Their motion, and the affidavit and exhibits filed with the same, by which they sought to obtain time and leave to file an amended bill, clearly disclosed the very nature of such bill or amendments. In fact, they disclose simply that they wanted to make amendments to the bill that would give them a right to assert their right in foreclosure on said instruments in accordance with the former holding of this court in the case as disclosed by the opinion attached to the motion. There was evidence already taken in the case amply sufficient to warrant a decree of foreclosure in their favor when such properly amended bill should be filed. It is not necessary that a proposed amendment to a bill should first be presented to the court in writing to evidence the nature of the bill the parties intend to file, when the motion itself fully discloses the nature of such bill and where the evidence before the court is already sufficient to support the amended bill intended to be filed. (*Bauer Grocer Co.* v. *Zelle,* 172 Ill. 407.) The court therefore erred in denying the motion of plaintiffs in error for the reasons herein set forth. They should have been permitted to file their purported amended bill so that their rights in the matter could have been fully adjudicated and which rights had not been settled or attempted to be settled by the former decision of this court. Whatever defense defendant in error may then have to the amended bill she will have an opportunity to make after such amended bill is filed, and we are to be understood as not in any way indicating that she has no defense to such proposed amended bill but only as holding that the at-

tempted sale of the note and trust deed, and the receipt of the full value of the same from the building and loan association, did not constitute such a defense. William Kemper or his estate had the right, if they saw fit to do so, to rescind the illegal and void sale and transfer of said note and trust deed,—i. e., they had the right to re-pay the building and loan association the money advanced in attempting to make such illegal sale and to accept in return the re-delivery by the association to them of the note and trust deed with a view of pressing the foreclosure suit in the interest of the estate.

It is insisted by defendant in error that William Kemper and his estate are estopped now from insisting on their right to foreclose the trust deed and to collect the money still due on the note, by reason of the fact that as a witness in this case Kemper testified that he made the loan to defendant in error, took the note and trust deed to secure the same and afterwards sold the same to the building and loan association, and that he did not claim to then own any interest in the securities. The showing is that he simply stated the facts as they actually existed, and made his conclusion that the building and loan association was the legal owner of the securities and not himself. He made no mis-statement of facts and stated no facts that were untrue. He simply made a mistake of law as to who, in fact, was the legal owner of the securities. Defendant in error was not prejudiced or injured in any way by such wrongful conclusion of Kemper. She was informed by Kemper's evidence of the exact facts and was not deceived thereby to her injury. It is also true that if there is any defense to the executors' claim by way of estoppel the same should be pleaded after the proposed amended bill is filed. So far as the record now shows, defendant in error has no defense against the plaintiffs in error by way of estoppel by reason of the fact that Kemper made a mistake of law by honestly concluding that the sale of the securities to the building and loan asso-

ciation was legal and valid and conferred upon the association the right to foreclose the trust deed and to collect the amount remaining due on the note.

It is insisted by defendant in error that the court was without jurisdiction to set aside its order of January 15, 1916, dismissing the bill for want of equity, because such order was made at a term subsequent to the term at which such order of dismissal was made. There is no merit in this contention. The order of dismissal was made without any notice whatever to plaintiffs in error or their counsel and against the express rule of practice of the circuit court. It would be more nearly exact to say the court had no jurisdiction to enter the order of dismissal for want of notice to plaintiffs in error. As we understand the record, this order had no binding force whatever on plaintiffs in error by reason of the express violation of the rule of court in respect to giving notice of the pendency of such motion. The rules of court have the same binding force upon parties, as well as upon the court, as have statutes. (*Axtell* v. *Pulsifer*, 155 Ill. 141.) It requires no further argument to show that plaintiffs in error were not bound by such order of court and that it was such an order as might be set aside at any time during the term when made, or at a subsequent term, where no discovery of such order is made by the parties injuriously affected thereby until such subsequent term.

For the reasons aforesaid the judgment of the Appellate Court and the decree of the circuit court are reversed and the cause remanded, with directions to permit plaintiffs in error to file such proposed amendments or amended bill and for further proceedings not inconsistent with this opinion.

*Reversed and remanded, with directions.*