(No. 13000.—Reversed and remanded.)
C. H. FELDOTT *et al.* Appellees, *vs.* RICHARD FEATHER-
STONE *et al.* Appellants.

*Opinion filed December 17, 1919.*

1. PRACTICE—*rule of court requiring notice of motions to be given is binding.* A rule of court requiring at least two days' notice of a motion to be given to the opposite party, is, when entered of record, part of the law of procedure in the court and is binding.

2. SAME—*when it is error to refuse to set aside a default and decree pro confesso.* Where a demurrer to a petition in chancery is undisposed of and leave is given to file an amended petition instanter and a rule entered requiring the defendants to plead to the amended petition within one week, but no notice of such proceedings is given to the defendants as required by a rule of the court, it is error, after the court has entered a default and a decree *pro confesso,* also without notice to the defendants, to refuse to set aside the default and decree, where the defendants' affidavits disclose a meritorious defense.

3. INSANE PERSONS—*court should see that rights of insane persons are properly protected.* Insane persons, when brought into court, are wards of the court, and it is the duty of the court to see that their interests are protected either by their conservators or by someone appointed by the court if the conservators fail to act.

APPEAL from the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding.

JOHN K. NEWHALL, and T. J. MERRILL, for appellants.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellees filed their petition in chancery under the act of 1872 (Hurd's Stat. 1917, chap. 29,) to compel appellants to execute to them a warranty deed to certain real estate described in the petition. The original petition was filed January 2, 1917, and alleged, in substance, that May 29, 1916, appellees entered into a written agreement with appellants for the exchange of certain real estate described. The petition alleges that after the signing of the articles of agreement Richard Featherstone was adjudged insane and confined in the asylum at Elgin; that Katherine Feather-

stone, his wife, was duly appointed and qualified as his conservator. The petition alleges tender of performance on the part of appellees, their readiness, willingness and ability to perform and the refusal of the appellants to perform the agreement on their part, and prays that specific performance be decreed. Appellants filed a general demurrer to the petition. Appellees filed an amended petition February 5, 1917. Appellants filed a general and special demurrer to the amended petition September 25, 1917. No disposition was ever made of this demurrer, but on February 5, 1918, the appellees obtained leave to file another amended petition instanter. The petition was filed on that date and a rule entered by the court on appellants to plead to the petition within one week. Appellants had no notice of the filing of the second amended petition nor of the rule to plead. On February 23, 1918, without notice to appellants, on motion of appellees the appellants were defaulted and a decree entered that the second amended petition be taken as confessed against them. At the May term, 1918, of the circuit court appellants entered a motion to set aside the default against them, and supported their motion by the affidavit of their attorney that he never had any notice of the filing of the second amended petition or of the rule to plead to it. The affidavit further alleged appellants had a meritorious defense to the petition, for the reason that Richard Featherstone was insane at the time he executed the contract sought to be enforced and the consideration for the Featherstone property was grossly inadequate. The motion was denied, and on June 20, 1918, one of the days of the May term, after a hearing without notice to appellants, the court entered a *pro confesso* decree against them in accordance with the prayer of the petition. Afterwards, at the same term of court, appellants entered another motion to vacate and set aside the default and decree. An affidavit of appellant's attorney states that the demurrer to the first amended petition was undisposed of when the sec-

ond amended petition was filed, February 5, 1918, and a rule entered to answer it within one week; that about February 1, 1918, the attorney for appellees mailed notice to affiant that they would call up the demurrer February 4; that attorneys for appellees did not appear at that time, and appellants had no notice of the filing of the second amended petition on the day following nor of the rule to plead to it, nor of the default entered February 23, 1918, until March 4, at which time the motion was filed to set aside the order of default. The affidavit further states that neither affiant nor the appellants had any notice that proof would be made on the second amended petition June 20, 1918. The affidavit further states that appellants have a meritorious defense, for the reason Richard Featherstone was insane and mentally incapable of knowing the effect of what he did at the time the contract was signed, that he is still insane and that the consideration for the Featherstone property was grossly inadequate. Further in support of the motion appellants offered and read rule 5 of the circuit court of Kane county, which has been in force since May, 1902, and is as follows: "In all applications for alimony and injunctions or for setting aside judgments by confession with leave to plead, and in all motions, the party applying for the same or making such motions shall serve the opposite party or his attorney or solicitor with at least two days' notice in writing of such application or motion, by mail or otherwise, and a copy of all affidavits to be used in support thereof." No counter-affidavits were filed. The motion was denied and appellants prayed and were allowed an appeal to this court.

The question presented is whether the circuit court erred in denying appellants' motions to set aside the default and the decree, both of which were entered without notice to appellants. Appellees have entered no appearance and have filed no brief. We think the action of the court was erroneous for a number of reasons. There was a demurrer

on file to the first amended petition, which had never been disposed of. Without notice to appellants leave was obtained by appellees to file an amended petition instanter and a rule was entered for defendants to plead to it within one week, of which neither appellants nor their counsel had any notice. The rule of the court required at least two days' notice. Rules of court, when entered of record, as was the case here, become the law of procedure in matters to which they relate, when not inconsistent with the statute, and are binding on the court. (*Gage* v. *Eddy,* 167 Ill. 102; *Axtell* v. *Pulsifer,* 155 id. 141.) The petition itself alleged that Richard Featherstone was insane and was then confined in an asylum. No guardian *ad litem* was appointed to represent his interests, but he was defaulted and a decree entered against him without his conservator's knowledge and without affording her an opportunity, if she desired to do so, to represent his interests at the time the default and decree were entered. Infants and insane persons, when brought into court, become the wards of the court, and it is the court's duty to see that their rights are properly protected. If those who are in a position where it would be supposed they would be interested in protecting the rights and interests of minors and insane persons fail to do so, it is the duty of the court to appoint someone for that purpose. However willing Katherine Featherstone may have been to protect the rights and interests of Richard Featherstone, she had no opportunity to do so. But even if it be said that she and her attorney were not altogether as vigilant as they might have been,—which we do not say in this case,—no such state of affairs is shown as would have made it a wrong upon anybody to have set aside the default and decree and have allowed the defense to be made, which, if true, was a meritorious defense.

The decree of the circuit court and the default are set aside and the cause remanded, with directions to allow appellants to plead, answer or demur to the petition.

*Reversed and remanded, with directions.*