**Frederick Schneider, Appellee, v. Reuben Allen. Autoist Mutual Insurance Company, Garnishee Appellant.**

**Gen. No. 34,575.**

544

Heard in the first division of this court for the first district at the October, term, 1930. Opinion filed January 26, 1931. Rehearing denied February 9, 1931.

JOSEPH H. HINSHAW, for appellant.

EUGENE P. KEALY and MURPHY O. TATE, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Frederick Schneider brought this action of debt on a judgment rendered in his favor by a New York court against the defendant, Reuben Allen. The Autoist Mutual Insurance Company, a corporation, was served as garnishee. Allen was served by publication, he was defaulted and the trial was between plaintiff and the garnishee, the question being whether the garnishee was indebted to Allen. The case was tried before the court without a jury and there was a finding and judgment for $5,000 in plaintiff's favor against the garnishee.

The record discloses that the garnishee was an Illinois corporation and had no place of business or agents

in the State of New York; that the defendant, Reuben Allen, was living in New York City and wrote the garnishee at Chicago in reference to liability insurance on his automobile which he was using in New York. On August 22, 1923, the garnishee issued in Chicago its liability policy insuring Allen against liability for accidents. The policy was mailed from Chicago to Allen in New York and contained the usual provisions and conditions of such policies. While the policy was in force Allen, in driving his automobile in New York, injured the plaintiff Schneider, who brought suit there against Allen and Allen notified the Insurance Company. It took charge of the defense and filed Allen's appearance and answer. Some time after the accident Allen went to Buffalo, New York, and counsel for the Insurance Company went there to see him concerning the case. Allen stated that he had no witnesses who would testify concerning the accident but himself, and he further stated that he would not return to New York City where the case was pending, when it should be reached for trial, giving as his reason that he had been arrested in New York City and thrown into jail without reason and that he would not return under any circumstances. Counsel for the Insurance Company thereupon told him that the Insurance Company would not defend the New York suit and that they would withdraw from the case. Some time afterwards Allen came to Chicago, where counsel for the Insurance Company again took the matter up with him, and Allen again refused to return to New York when the case would be tried. He was again notified by the Insurance Company that it would not defend the case but would withdraw from it. Some time thereafter the Insurance Company notified their New York counsel of the matter and instructed him to withdraw the appearance and answer of Allen and to have nothing more to do with the case, and this was done. Several months after this the case was reached for trial. Al-

len was defaulted, no one appearing in his behalf, and judgment in the sum of $5,000 was entered against him in favor of Schneider.

The evidence further shows that from the time Allen was seen in Chicago the Insurance Company did not know where he could be found, although it appears it made no effort to find him.

(1) The garnishee contends that the court erred in sustaining plaintiff's demurrer to its plea or additional answer. This document set up that prior to the beginning of the instant case, Schneider had filed his bill in chancery in the nature of a creditor's bill in the superior court of Cook county and that the same matters were involved in the two suits. We think the ruling of the court was correct. The instant case was commenced in the superior court of Cook county on November 19, 1929, the defendant filed its answers to the interrogatories on December 4, 1929, and shortly thereafter the issue was made up. The case went to trial June 16, 1930, and it was not until the case went to trial that the garnishee filed its plea or additional answer. Obviously it was then too late to inject a new issue into the case. The plea of another suit pending is a plea in abatement, and such plea cannot be filed after pleading to the merits of the action. 1 Ency. Pl. & Pr. 771. In the instant case the garnishee had answered to the merits long prior to the time when he filed his additional answer or plea. It was therefore too late. Counsel for the garnishee contends that it was not proper practice to file a demurrer to this plea because the plea on its face was good, and if it was not filed in apt time plaintiff should have moved to strike it. We think this question is not properly before us. Both parties treated the filing of the demurrer and the action of the court in passing on it as the proper procedure, and therefore the garnishee cannot now contend to the contrary.

(2) Plaintiff further contends that the court erred in admitting in evidence a New York statute regulating liability insurance. That statute provides that no policy of insurance (such as the one in question) "shall be issued or delivered in this state by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, . . . then an action may be maintained by the injured person . . . against such corporation under the terms of the policy for the amount of the judgment . . . not exceeding the amount of the policy. No such policy shall be issued or delivered in this state . . . by any corporation or other insurer authorized to do business in this state, unless there shall be contained within such policy" certain provisions with reference to notice, etc. . . .

"A policy issued in violation of this section shall, nevertheless, be held valid but be deemed to include the provisions required by this section, and when any provision in such policy or rider is in conflict with the provisions required to be contained by this section, the rights, duties and obligations of the insurer, the policyholder and the injured person shall be governed by the provisions of this section." Obviously this section of the New York statute has no bearing on the case. It is limited to policies issued or delivered in New York state "by any corporation or other insurer authorized to do business in this state." The evidence shows that the garnishee in the instant case had no agents and did no business in New York state; that it accepted Allen's proposition contained in a letter

mailed by him from New York to Chicago, and executed and mailed its policy in Chicago to Allen in New York. But plaintiff contends that even if the New York statute is not applicable, yet he was entitled to recover because the Insurance Company failed to defend the action against Allen in New York and did not cancel the policy. In support of this chief reliance is placed on the case of *Kinnan v. Hurst Co.*, 317 Ill. 251. We do not think this case is in point. It was there held that an injured employee could not maintain an action against his employer's liability insurance company where the policy was not for his benefit, but where the insurance company failed to defend the employee's action against the employer, which it had agreed to do in the policy, a cause of action for such breach arose in favor of the employer which the employee, whose judgment against his employer was unsatisfied, might enforce by a creditor's bill against the insurance company. In that case it was held to be the duty of the insurance company to defend the suit brought by the employee against the employer. The facts there show that the refusal of the insurance company to defend the suit was through its own fault. The court there said (p. 257): ''The foundation of the rights of the parties under the contract (of insurance) was the assumption by the defendant in error of the investigation of all accidents, . . . and the defense of all suits of the character mentioned in the policy, and the exclusion of the assured from all interference in any of these matters except to aid the defendant in error at its request. The refusal of the defendant in error to defend the suit of the plaintiff in error against the assured would have destroyed the foundation of the mutual obligation of the parties.'' There the insurance company though notified of the accident and suit, denied that the accident was covered by the policy and refused to defend. And the court held that it was the duty of

the insurance company to defend under the policy in that case.

In the instant case the policy provided that the assured, Allen, should aid the Insurance Company in securing evidence and in procuring the attendance of witnesses in any claim against him which was covered by the policy. The evidence shows that the only witness who knew about the accident was the assured, Allen, and he refused to go and testify on the trial. He was notified upon such refusal on two occasions that the Insurance Company would not defend and that it would withdraw from the case. Obviously, he could not bring suit on the policy against the Insurance Company in such circumstances, and it is conceded that if this be the fact plaintiff is in no better position. Nor was there any duty resting upon the Insurance Company to cancel the policy. We think any cancellation attempted after the accident would have been unavailing. Moreover, the policy might cover other accidents during the life of the policy and it had not expired at the time.

In *Schoenfeld v. New Jersey Fidelity & Plate Glass Ins. Co.,* 197 N. Y. S. 606, it was held under a substantially similar policy that a violation by the insured of a stipulation of the policy that he would coöperate in the defense of an action against him is a defense to an action on a judgment rendered against the insured for injuries sustained by plaintiff in the absence of a showing of bad faith on the part of the insurance company. In that case the plaintiff brought suit to recover damages for injuries he had sustained against the owner of an automobile covered by a policy of insurance, and obtained a judgment for $3,000, which he was unable to collect. Afterwards plaintiff brought suit on the judgment against the Insurance Company and it filed its answer alleging that it attempted to defend the suit brought by plaintiff against the assured but could not locate the assured for the

purpose of preparing for trial, and therefore was unable to procure witnesses to show that there was no liability. The trial court struck this answer from the files and judgment was entered against the Insurance Company, which on appeal was reversed, the case being argued before five judges of the Appellate Division, all of whom concurred in the reversal. In the course of the opinion the court said (pp. 609, 610): "I think it must be conceded that, as between the assured and the insurance company, failure by the assured to comply with the condition of the policy requiring co-operation would prevent his recovery under the policy of the amount of the judgment if paid by him. . . .

"I think that the condition of the policy requiring co-operation on the part of the assured in the defense of the action brought against him by the injured party is one of great importance. Without the presence of the assured and his aid in preparing the case for trial, the insurance company is handicapped and such lack of co-operation may result in making the action incapable of defense."

The action of Allen in refusing to go to New York on the trial of the case there prevented the Insurance Company from making any defense. Obviously he could not bring suit on the policy and neither can the plaintiff here.

Upon a consideration of all the evidence in the record we are clearly of the opinion that no recovery can be had in this case, and therefore the judgment of the superior court of Cook county is reversed with a finding of fact.

*Judgment reversed with a finding of fact.*

MATCHETT, P. J., and McSURELY, J., concur.

Finding of fact: We find as a fact that Reuben Allen, the assured, in failing to assist the Insurance Company on the trial of the case in New York, relieved

the Insurance Company of any liability under the policy and therefore he could not recover on the policy; and that the plaintiff in this case is in no better position, and he cannot recover.