Chicago City Bank and Trust Company, Appellant, v. Jacob Kaplan, Defendant. Amalgamated Trust and Savings Bank, Appellee.

Gen. No. 38,143.

McSurely, P. J., dissenting.

Opinion filed June 28, 1935.

Rathje, Hinckley, Barnard, Kulp & Tucker, of Chicago, for appellant; Francis E. Hinckley, of Chicago, of counsel.

Fisher, Boyden, Bell, Boyd & Marshall, of Chicago, for appellee; Charles E. Herzog, of Chicago, of counsel.

Mr. Justice Matchett delivered the opinion of the court.

On December 12, 1934, plaintiff Chicago City Bank & Trust Co. caused a judgment by confession to be entered against Jacob Kaplan. On the same day an execution was issued and returned unsatisfied, whereupon plaintiff also caused a writ of garnishment to be issued and served upon the Amalgamated Trust & Savings Bank. The garnishee appeared specially and made a motion to quash the writ. On January 25, 1935, an order was entered quashing the summons and discharging the garnishee. This appeal is from that order.

The garnishee was served December 13, 1934. December 26th it filed its special appearance with motion as follows:

"The Garnishee enters its special and limited appearance for the sole purpose of objecting to the jurisdiction of this court and moves the court to quash the writ of garnishee summons herein for the reason that there is not endorsed on the back of the copy of said

summons left with said Garnishee the defendant's business, business address and/or the defendant's residence address, all as required by the rules of this court.''

The motion was verified. The garnishee relied on Rule 230 of the municipal court of Chicago, which provides:

''In every case the copy of the writ to be left with the garnishee shall bear an endorsement of the business and business address of the principal defendant, if any, and if he be an individual, of his residence address, if known, and, if the garnishment is based on a prior judgment, its date, and the amount, including costs, due thereon at the date of the writ.''

Upon the hearing of the motion the garnishee produced the copy of the writ left with the agent of defendant at the time of service. It was duly identified. It bears indorsements of the date and the amount of judgment and costs, but it bears no indorsement of the business of the judgment debtor, his business address, or his residence address. Evidence was introduced to the effect that immediately after the service of the writ, Mrs. Gertz (the employee of the garnishee to whom the writ was delivered by the party served) inquired by telephone of attorneys for plaintiff (whose name and address were also indorsed upon the copy of the summons) as to the place of business of the debtor, his residence, the amount of the judgment, etc.; that this information was promptly given to the garnishee. The evidence shows that there was no substantial inconvenience to the garnishee nor prejudice to its rights resulting from the failure to make these indorsements upon the copy of the summons as directed by the rule.

Plaintiff urges that where, as here, an alleged want of jurisdiction in the court is based on matters outside the record, it is necessary to present the matter by plea in abatement in order that an issue may be formed

upon which, if the verdict is for plaintiff, a judgment of *quod recuperet* might be entered. Since the Practice Act of 1907 the judgment in this State would be *respondeat ouster*. Cahill's Ill. Rev. St. 1933, Appendix, ch. 110, sec. 45. At common law in this State, it was held that such matter should be presented by plea in abatement *Greer v. Young*, 120 Ill. 184; *Craig v. Sullivan Machinery Co.*, 344 Ill. 334. These cases are cited by plaintiff and sustain its contention.

The garnishee replies, however, that by Rule 308 of the municipal court the rules and provisions of the Civil Practice Act are applicable to proceedings in the municipal court, except to the extent that the same are inconsistent or in conflict with the rules of said court. The garnishee therefore suggests that section 48 of the Civil Practice Act (Cahill's Ill. Rev. St. 1933, ch. 110, sec. 48, ¶ 176) is applicable and controlling as to the method by which questions in the nature of a matter in abatement should be raised in that court.

That section of the statute expressly declares that an objection that the court does not have jurisdiction of the person of the defendant may be made by a motion to dismiss the suit. The motion here was not to dismiss the suit but to quash the summons. The order that was entered was not one dismissing the suit but quashing the summons and discharging the garnishee. The distinction between a motion to quash the service and one to dismiss the suit, however, seems to have been thought unimportant in *Wilcox v. Conklin*, 255 Ill. 604.

However, the Civil Practice Act excepts from proceedings to which it is applicable, garnishment. Cahill's Ill. Rev. St. 1933, ch. 110, sec. 1, ¶ 129, p. 2150. The manner in which the issue was raised may not have been the best, but plaintiff made no objection. It cannot complain of a procedure in which it participated without objection. *Schneider v. Allen*, 259 Ill. App. 543.

For the same reason the garnishee is not in a position to urge another point upon which it insists, namely, that it is a fair inference from the record that the execution on the original judgment was returned by direction of plaintiff's attorney, and that there was therefore no sufficient basis for the garnishment proceeding. The record shows the usual return of the officer (which is prima facie sufficient). No issue was raised on that point in the trial court. The prima facie case made was sufficient in the absence of evidence tending to disprove it. *Bruhl v. Anderson,* 207 Ill. App. 169; *Boksa v. Buchaniec,* 245 Ill. App. 602; *Kelly v. Marks,* 264 Ill. App. 402.

There remains for consideration the controlling question in the case, namely, whether the failure of plaintiff to comply with Rule 230 justified the order of the court which quashed the summons and discharged the garnishee. The garnishee cites *North Ave. Bldg. & Loan Ass'n v. Huber,* 286 Ill. 375; *People v. Callopy,* 358 Ill. 11, and similar cases to the effect that a rule of court when spread of record has the force of a statute and must be followed by the court and by the parties, and that the court can exercise no discretion with respect to the enforcement of the rule where it is applicable. The garnishee also points out that a rule of court must have some sanction and suggests that the appropriate sanction of Rule 230 is that noncompliance should result in the discharge of the garnishee. It points out the heavy burden which noncompliance may cast upon the garnishee, who is usually an innocent, disinterested stakeholder; that noncompliance might even compel the garnishee bank to stop withdrawals from all accounts in the same or similar names. It cites *Hantman v. West Side Trust & Savings Bank,* 249 Ill. App. 372. It also suggests the propriety of the enforcement of the rule for the reason that by refusing to pay or honor checks of depositors the garnishee bank might be liable in an action for slander of credit.

It insists, relying on *North Ave. Bldg. & Loan Ass'n v. Huber,* 286 Ill. 375, that noncompliance deprives the court of jurisdiction and therefore possibly a garnishee who paid might be liable in another action by the judgment debtor. It finally suggests that failure to comply with this rule might necessitate a trial as to the identity of the judgment debtor, thus increasing the burden of the court and litigants, including the garnishee, so that instead of garnishment being a quick and efficient remedy it would become a cumbersome, inefficient and expensive process.

These observations are not without force. However, the court which made this rule did not see fit to give to it the sanction which the court applied in this case. The rule does not provide that a failure to comply with it shall be jurisdictional; that the summons shall be quashed or the garnishee discharged for noncompliance. It does not even require (as it might) that the return of the bailiff should show compliance with the rule. The facts here are clearly distinguishable from those which appear in *North Ave. Bldg. & Loan Ass'n v. Huber,* 286 Ill. 375, and similar cases. The method by which a court may compel observance of its rules is in the discretion of the court, where the rule itself does not provide the method or the penalty which shall follow a violation. Sometimes the cause is dismissed. Sometimes a rule to show cause is first entered. Often (as happened in this case with respect to other rules) the parties waived compliance. For instance, the record fails to show that the garnishee complied with Rule 267, which provides that application to the opposite party for his consent is a condition precedent to the right to be heard on a motion. It ignored Rule 196, in failing to give the true abode, etc., of the person executing the verification attached to its motion. It made its motion dubious and uncertain by the use of the symbol "and/or" which has been repeatedly

condemned by this and other courts. *City Nat. Bank & Trust Co. v. Davis Hotel Corp.,* 280 Ill. App. 247. Before asking judgment because of the mote in plaintiff's eye, the garnishee should cast the beam out of its own. Moreover, the municipal court has also by rule directed how its rules should be construed. Rule 307 provides:

"The rules hereby adopted are to be liberally construed to the end that controversies may be speedily and finally determined according to the substantive rights of the parties and no complaint of a departure from any rule or rules during the proceedings in any action shall be effective when it clearly appears that notwithstanding such departure no injustice has resulted to the party complaining." In the same spirit the Supreme Court of this State interprets its own rules. *Farmer v. Fowler,* 288 Ill. 494; *People v. Davis,* 357 Ill. 396.

We hold that notwithstanding the departure from Rule 230, no injustice resulted in this case to the garnishee, and that such departure did not deprive the court of jurisdiction. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

O'CONNOR, J., concurs.

McSURELY, P. J., dissents.